**CHAIN LOCATIONS OF AMERICA, INC., Plaintiff,**

v.

**EAST HUDSON PARKWAY AUTHORITY and J. Burch Mc Morran, Superintendent of Public Works, State of New York, Defendants.**

No. 66 Civ. 3790.

United States District Court
S. D. New York.
May 26, 1967.

Norman S. Isko, Yonkers, N. Y., for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of State of New York, by Julius L. Sackman, Albany, N. Y., Barry Mahoney, New York City, for defendants.

MOTLEY, District Judge.

### Memorandum Opinion On Motion for Preliminary Injunction

Plaintiff has moved for an order pursuant to Rule 65, Fed.R.Civ.P. restraining defendants, during the pendency of this action from the following:

a) Changing the status quo now existing between the parties with respect to any and all of plaintiff's property or property rights, by interfering with or depriving plaintiff of the same by appropriation or otherwise; and

b) Interfering with plaintiff's lawful conduct of its business and use of its property, including but not limited to its property located along the westerly side of the Saw Mill River Parkway near the village of Dobbs Ferry and the village of Hastings on Hudson in the County of Westchester, State of New York, and use of its rights of egress and ingress over Ogden Avenue between said property and the Saw Mill River Parkway.

Plaintiff alleges that if such relief is not granted and if defendants commit these acts during the pendency of this action, it will suffer immediate and irreparable injury. Plaintiff's cause of action by its amended complaint seeks the following relief:

a) A permanent injunction seeking to enjoin defendants, their agents, servants, and employees from:

1. Appropriating plaintiff's easement rights at its Dobbs Ferry location;

2. Interfering with plaintiff's quiet enjoyment and exploitation of its property rights at its Dobbs Ferry location;

3. Interfering with plaintiff's improvement of its access way to and from the Parkway pursuant to plans and specifications already approved by the East Hudson Parkway Authority; and

b) If the appropriation of plaintiff's easement rights has become final, a judgment requiring defendants to convey back to plaintiff the said easement rights;

c) Money damages against the East Hudson Parkway Authority in an amount in excess of $500,000; and

d) Other and further relief as may seem proper.

Defendants filed a motion on December 6, 1966, seeking an order pursuant to Rule 12, Fed.R.Civ.P., dismissing the complaint on the grounds that it failed to state a claim against the defendants upon which relief could be granted and that this court lacked jurisdiction over the subject matter because the judgment dated and entered December 13, 1965 in the matter of Chain Locations of America, Inc. v. East Hudson Parkway Authority, and J. Burch Mc Morran, Superintendent of Public Works, State of New York, on the decision of the Supreme Court, Westchester County (Dillon, J.), dated December 1, 1965 (unreported), aff'd 26 A.D.2d 772, 272 N.Y.S.2d 998 (1966), appeal dismissed, 18 N.Y.2d 751 (1966), was *res judicata* as to this action.

Plaintiff, after the filing of the motion, on December 19, 1966, filed its amended complaint. Defendants' motion to dismiss the original complaint was on the Calendar on December 20, 1966. It was stipulated in open court that the amended complaint be deemed substituted for the original complaint and that the motion to dismiss be deemed addressed to the amended complaint. Argument of the motion was adjourned to January 24, 1967. On that date, Judge Edelstein of this court, following argument, denied the motion.

On January 19, by Order to Show Cause, plaintiff sought to have heard on January 24, its motion for preliminary injunction. The order was, however, withdrawn. On January 26, plaintiff filed its application for a preliminary injunction. Argument was heard by this court on February 14, 1967.

On January 11, 1967, plaintiff had filed a demand for answers to interrogatories served on defendants by mail two days earlier. On January 13, defendants filed a motion seeking an order pursuant to Rule 33, Fed.R.Civ.P., enlarging the time of the defendants to object to or answer plaintiff's interrogatories for a reasonable period after the final denial of defendants' motion to dismiss. Additionally, defendants moved for such other, further and different relief as to the court may seem just and proper. Argument on defendants' motions was also heard on February 14, 1967. On January 31, 1967, defendants requested that a three-judge court be convened pursuant to 28 U.S.C. § 2281 to hear and determine this matter.

On March 8, 1967, defendants filed an answer to the amended complaint. Plaintiff moved to strike from that answer certain affirmative defenses on the ground that Judge Edelstein's denial of defendants' motion to dismiss determined those defenses raised by motion and said decision is the law of this case. Among these affirmative defenses is the plea in bar of *res judicata*.

Jurisdiction is here predicated solely upon 28 U.S.C. § 1331, plaintiff alleging violation of rights secured to it by the due process and equal protection clauses of the Fourteenth Amendment to the

Federal Constitution and alleging that the value of his property involved in this dispute exceeds $150,000.00.

 In deciding whether plaintiff is entitled to an injunction, pendente lite, the court must review the entire record before it to determine whether an injunction is justified. This court is not at liberty to ignore that which a thorough examination of the record discloses is a legal bar to the relief requested. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Consolidated Freightways, Inc. v. Railroad Commission of Cal., 36 F.Supp. 269 (N.D.Cal. 1941). Here, the record reveals that the identical claim, unlawful taking of plaintiff's property and unlawful interference with plaintiff's property rights, already has been presented by this plaintiff against these same defendants in the state court and that that court has entered a final judgment on the plaintiff's claim. A reading of the original complaint makes this clear. The amended complaint failed in its effort to state a new claim.

 The first question with which this court must deal is whether Judge Edelstein's denial of the motion to dismiss has become "the law of the case," and must be accepted thereafter without re-examination. "The law of the case" doctrine is a formerly strictly adhered to rule of practice of the courts. Commercial Union of America, Inc. v. Anglo-South American Bank, Ltd., 10 F.2d 937 (2d Cir. 1925). The doctrine provides that "Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other," Id. at 941. It is "a rule of practice based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." United States v. United States Smelting, Refining & Mining Co., 339

U.S. 186, 198, 70 S.Ct. 537, 94 L.Ed. 750 (1950).

 In the case of Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131 (2d Cir. 1956), appeal dismissed, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956), the Second Circuit specifically overruled so much of its holding in Commercial Union of America, Inc. v. Anglo-South American Bank, Ltd., supra, as made the rule of "the law of the case" mandatory on the judges of this court. In Dictograph Products Co. v. Sonotone Corp., supra, 230 F.2d at 136, the court said, "So far therefore as our original opinion must be read as meaning that the question is not one of discretion, and that on no occasion may the second judge reconsider a ruling of the first judge, we now overrule it." It was made clear that "there is no imperative duty to follow the earlier ruling—only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs." Id. at 135.

In Bertha Building Corp. v. National Theatres Corp., 269 F.2d 785, 787 (2d Cir. 1959), cert. denied 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960), the Second Circuit further confirmed the position it had taken in the *Dictograph Products Company* case stating that "even when an issue has been decided by a district judge, another judge of the same court may nevertheless come to a different conclusion." Accord, Goldstein v. Doft, 236 F.Supp. 730 (S.D.N.Y.1964), aff'd, 353 F.2d 484 (2d Cir. 1965), cert. denied, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966).[1]

 This court concludes, therefor, that Judge Edelstein's adverse ruling on defendants' motion to dismiss does not bar redetermination of the issue by this court on the plaintiff's motion for preliminary injunction. Reconsideration of defendants' motion is desirable since

1. Cf. Commerce Oil Refining Corp. v. Miner, 303 F.2d 125 (1st Cir. 1962); Farmer v. Rountree, 252 F.2d 490 (6th Cir. 1958), cert. denied, 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958); But, cf. TCF Film Corp. v. Gourley, 240 F.2d 711 (3rd Cir. 1957); United States v. Koening, 290 F.2d 166 (5th Cir. 1961), aff'd DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Prack v. Weissinger, 276 F.2d 446 (4th Cir. 1960).

if the defense is valid it would obviate a long and expensive trial. Goldstein v. Doft, supra, 236 F.Supp. at 731. This court will exercise its discretion and reconsider defendants' motion to dismiss on the ground that plaintiff's cause of action is barred by the doctrine of *res judicata*.

The history of plaintiff's present cause of action is as follows:

On or about July 15, 1954, the plaintiff purchased a parcel of property situated along the westerly side of the Saw Mill River Parkway near the villages of Dobbs Ferry and Hastings on Hudson in the County of Westchester, State of New York. As part of the purchase there was conveyed to plaintiff by the seller (The Children's Village) two easements running with the land which afforded any owner of the property direct access to and from the Parkway from the property. Running across the northerly side of the property and into the Parkway was a street named Ogden Avenue which had been used by the property owners as the route of access between the property and the Parkway. Following plaintiff's purchase of the property it attempted to construct certain improvements. In order to facilitate obtaining permission to and construction of facilities, plaintiff submitted to requirements that it build a service road and drainage facilities running parallel to the Parkway from the northerly side of the property to a point about 100 feet north of the property to increase safety and to meet other local requirements. This did not limit plaintiff's right to develop its easements to get immediate access to the Parkway or to use Ogden Avenue as a route of immediate access.

In the winter of 1957, after completion of one unit of proposed construction, Parkway authorities barricaded Ogden Avenue and prohibited traffic from leaving plaintiff's property by that route or from entering plaintiff's property from the Parkway by that route. Parkway authorities who were charged by the State with the maintenance and operation of the Parkway alleged that their action was based upon a safety hazard represented by the mere existence of the Ogden Avenue access route to the Parkway from plaintiff's property.

Plaintiff sought relief in State court. Judge Elbert T. Gallagher of the Supreme Court, Westchester County, ruled that plaintiff owned an easement running with the land, a right of way easement appurtenant to its property. The action sought to enjoin defendants from obstructing the easement and to compel removal of a barrier erected across the access drive connecting the Parkway with the plaintiff's property. The court held that defendants were acting in an unreasonable exercise of police regulation which instead of regulating a property right, destroyed it. Furthermore, the court said that defendants did not use reasonable means or what is customary or reasonably necessary to eliminate the existing left-hand turn hazard. The court did not find all use of the access drive constituted a traffic hazard, and since the hazard could be eliminated by erection of "no left turn" signs, the erection of the barrier which destroyed all access was unreasonable. Chain Locations of America, Inc. v. County of Westchester, 20 Misc.2d 411, 190 N.Y.S. 2d 12 (Sup.Ct.West.Cty.1959), aff'd, 9 A.D.2d 936, 196 N.Y.S.2d 573 (App.Div. 2d Dept.1959), appeal denied, 7 N.Y.2d 710, 197 N.Y.S.2d 1026, 165 N.E.2d 583 (Ct.App.1960).

It is alleged that following this litigation defendants continued to harass plaintiff in the use and enjoyment of its property. In 1962, plaintiff in an attempt to bring peace to its use of its Parkway property had discussions with authorities in charge of the Parkway, and agreed to construct at its own expense, acceleration and deceleration lanes providing safer ingress and egress to its Parkway property. Preliminary plans were approved and bids for construction solicited. Bids tendered were rejected and Parkway authorities then reversed themselves and refused to grant final approval for plaintiff's construction of the acceleration and deceleration lanes.

Finally, after continuing conflict between plaintiff and defendants, plaintiff was notified by Parkway authorities in July, 1965, that they had asked the State to appropriate plaintiff's rights of access by exercise of the sovereign's power of eminent domain. During that month, an appropriation map was filed in the office of the State Department of Public Works and in the office of the New York Secretary of State initiating the acquisition by the State of said easement by appropriation, for the taking of which plaintiff would receive just compensation.

In August, 1965, plaintiff commenced an action against defendants in the Supreme Court, Westchester County, seeking to enjoin the stated appropriation proceedings. The complaint in that proceeding as read by this court alleged wrongful interference by defendants with plaintiff's rights, denial of equal protection, a taking which was not necessary or proper in violation of Section 457, §§ 3, 4 of the Public Authorities Law, McKinney's Consol.Laws, c–43–A, an arbitrary and unreasonable taking not a part of any common plan, unconstitutionality of Section 457 § 4, and a taking which was illegal and beyond the power or authority of the defendants, and the proposed appropriation violated the earlier judgment. Defendants cross-moved for an order dismissing the complaint for failure to state a cause of action.

Justice John Dillon, Supreme Court, County of Westchester, held that the determination to appropriate was not arbitrary or capricious, and there was under the law no need to show the necessity for the taking as long as there would be compensation for the property taken and, therefore, since the legislative power was being exercised there was no violation of the earlier judgment relating to exercise of police powers, and there was no merit to plaintiff's claim that the statutes were unconstitutional. The court granted defendant's motion to dismiss. Chain Locations of America, Inc. v. East Hudson Parkway Authority and J. Burch Mc Morran, Superintendent of Public Works, State of New York, Index No. 8046/1965 (Sup.Ct.West.Cty. Dec. 1, 1965) (unreported), aff'd, 26 A.D.2d 772, 272 N.Y.S.2d 998 (App.Div.2d Dept. 1966), appeal dismissed, 18 N.Y.2d 751 (Ct.App.1966).

Defendants moved for an order before the Court of Appeals dismissing plaintiff's appeal to that court on the ground that the court had no jurisdiction to entertain the appeal as of right. Defendants urged that there were no constitutional questions involved which had not been previously determined. Plaintiff, by its attorney, urged that defendants' acts "if permitted to go to fruition would constitute a deprivation of this property right of the plaintiff in violation of its constitutional rights in that the taking would be without due process and so arbitrary, unreasonable and capricious as to be unconstitutional." Plaintiff also alleged that not only the constitutionality of a statute was involved under the Constitution of New York and of the United States but "also the general constitutional rights of the plaintiff to due process under the Constitution of the United States." Plaintiff's counsel stated, "Not only in the complaint, but also in the briefs below, we raise the issue of the lack of constitutionality in the attempted taking in violation of due process of law and the right to equal protection of the laws ensuing by virtue of the capricious and arbitrary decision to take plaintiff's easement." On September 29, 1966, the Court of Appeals dismissed plaintiff's appeal "for lack of a substantial constitutional question." 18 N.Y.2d 751 (1966).

Following the above noted action by the Court of Appeals, plaintiff could have moved either in the Appellate Division or in the Court of Appeals for leave to appeal, C.P.L.R. § 5602, but such motion was not made. Plaintiff not having so moved within 30 days, the time to so move has expired. C.P.L.R. § 5513(c). If the motion had been made and denied, plaintiff would then have been in a position to petition the United States Supreme Court for a writ of certiorari. Instead of further appealing, plaintiff

on November 9, 1966, commenced the instant action claiming deprivations of Federal constitutional rights which he not only claimed in the New York Court of Appeals that he had raised in the New York Supreme Court but which he clearly could have raised.

 This court holds that the present action is *res judicata.* Angel v. Bullington, supra; Sorenson v. Sutherland, 109 F.2d 714 (2d Cir. 1940), aff'd sub nom. Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297 (1941). Accord, Ripley v. Storer, 309 N.Y. 506, 132 N.E.2d 87 (1956); Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456 (1929).

The motion for preliminary injunction is denied.

The motion to dismiss is granted.