No. 13502

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

              Plaintiff and Appellant,

-vs-

JOHN J. CARDEN, a/k/a JAMES J. CARDEN,

              Defendant and Respondent.

---

Appeal from:  District Court of the First Judicial District,
            Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Jock Anderson, Assistant Attorney General, argued,
        Helena, Montana
        Albert Meloling, Special Prosecutor appeared, Helena,
        Montana

    For Respondent:

        Wade J. Dahood argued, Anaconda, Montana

---

                  Submitted: September 16, 1976

                  Decided: SEP 27 1976

Filed: SEP 27 1976

*Thomas J. Kearney*
                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order of the district court of Lewis and Clark County dismissing 38 counts of a 43 count amended Information filed against defendant. In view of the imminent trial date, we entered our Order and Judgment on September 17, 1976, vacating the district court's order of dismissal, ordered 10 counts dismissed as conceded by the State, and ordered the remaining 33 counts remanded to the district court for trial. State v. Carden, ____Mont.____, ____ P.2d____, ____St.Rep.____, Cause No. 13502. In our Order and Judgment of September 17, 1976, we indicated that a formal written opinion would follow, which we now issue.

This case began on December 20, 1974, when the State filed its motion for leave to file a direct Information in the district court charging defendant Carden with 118 counts of criminal offenses. Twenty-five days and two judges later, the Hon. Nat Allen granted the State leave to file this Information. Fourteen and one-half months and two judges later, the Hon. Paul Hatfield ordered 75 counts dismissed and granted the State leave to file an Amended Information covering the remaining 43 counts. Four months and 10 days later, the sixth judge in the case, the Hon. Robert H. Wilson, dismissed 38 counts of the 43 count Amended Information by order of August 10, 1976.

The State has appealed from Judge Wilson's order dismissing the 38 counts. However, the State concedes dismissal of 10 of these counts. The issue on appeal is whether the remaining 28 counts should have been dismissed.

We note that both the original Information and the Amended Information contained the 28 counts in issue. Judge Allen granted leave to file the original Information containing these 28 counts and Judge Hatfield granted leave to file the Amended Information

containing these 28 counts. Such leave could not have been granted except on a finding of probable cause. The controlling statute, section 95-1301(a), R.C.M. 1947, provides in pertinent part:

> "The county attorney may apply directly to the district court for permission to file an information against a named defendant. The application must be by affidavit supported by such evidence as the judge may require. If it appears that there is probable cause to believe that an offense has been committed by the defendant the judge shall grant leave to file the information, otherwise the application shall be denied." (Emphasis added.)

Two judges had already found probable cause for filing the 28 counts at issue in this appeal. The "law of the case" on probable cause for filing these 28 counts had already been considered, determined and established. Although some courts limit application of the "law of the case" doctrine to final decisions of the highest appellate court (Filanowski v. Zoning Board of Adjustment, 439 Pa. 360, 266 A.2d 670; Kuchinic v. McCrory, 422 Pa. 620, 222 A.2d 897), we consider the better rule permits application of this principle to prior rulings of a trial court in the same case as well (State v. Hale, 127 N.J.Super. 407, 317 A.2d 731; Chain Locations of America, Inc. v. East Hudson Parkway A., 280 F.Supp. 396).

Under the "law of the case" principle, judges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decisions of each other. United States v. Baynes, 400 F.Supp. 285. It is simply a rule of practice that articulates the sound policy that when an issue is once judicially determined, that should be the end of the matter as far as judges and courts of coordinate jurisdiction are concerned. Martin v. City of Cohoes, 371 N.Y.S.2d 687, 37 N.Y.2d 162, 332 N.E.2d 867. The "law of the case" is not an imperative (Schonfeld v. Raftery, 359 F.Supp. 380); does not go to the power of the

court (People v. Medina, 99 Cal.Rptr. 630, 492 P.2d 686); and does not mean that a court does not have discretion to reconsider a ruling made by another judge in the same case. Chain Locations of America, Inc. v. East Hudson Parkway Authority, supra.

What factors are present in this case that would move the discretion of Judge Wilson to reconsider the prior determinations of Judge Allen and Judge Hatfield? None have been brought to our attention and we perceive none. Defendant argues that because the prior determinations of Judge Allen and Judge Hatfield were ex parte determinations, a later adversary hearing on probable cause was not precluded. But were they? Judge Allen's determination of probable cause on the original 118 count Information may fall in this category, but this does not apply to Judge Hatfield's determination of probable cause. This matter was fully briefed and argued by both the State and defendant. An adversary hearing was held on defendant's motions on February 4, 1976, at which counsel for both the State and the defendant were present. Thereafter Judge Hatfield entered an order dismissing 75 counts of the original Information and granting leave to the State to file an Amended Information on the remaining 43 counts.

On the other hand, there are factors in this case against the exercise of discretion to reconsider the prior rulings. There is an absence of anything to indicate Judge Hatfield's prior ruling was in error. The case had dragged along for a year and a half, six different judges had been involved, and the trial date had not yet been set. To go back and relitigate the issue of probable cause for the 28 counts filed at the commencement of the action would permit endless manipulation of the judicial system and thwart its proper operation and objectives. It would also permit a judge of coordinate jurisdiction to perform appellate functions, in effect, over the decisions of another district

- 4 -

judge, a practice which this Court has previously condemned. State ex rel. State Highway Comm'n v. Kinman, 150 Mont. 12, 430 P.2d 110.

For the foregoing reasons we hold that it was an abuse of discretion for Judge Wilson to reconsider the prior ruling of Judge Hatfield on probable cause for filing the 28 counts at issue in this appeal. Judge Wilson's order of dismissal is vacated and set aside; Counts 12, 13, 16, 17, 26, 27, 30, 31, 36 and 37 of the Amended Information are stricken as conceded by the State; and the remaining 33 counts of the Amended Information are remanded to the district court for trial; and remittitur shall issue forthwith; all as provided in our previous Order and Judgment herein dated September 17, 1976.

_____
Justice

We concur:

_____
Chief Justice

_____
Justice

_____
Hon. Edward T. Dussault, district judge, sitting in place of Mr. Justice Gene B. Daly.

_____
Hon. W. W. Lessley, district judge, sitting in place of Mr. Justice Wesley Castles.

- 5 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13502

THE STATE OF MONTANA,

Plaintiff and Appellant,

vs.

JOHN J. CARDEN, a/k/a
JAMES J. CARDEN,

Defendant and Respondent.

FILED

SEP 17 1976

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AND JUDGMENT

PER CURIAM:

The appeal of the State of Montana from the Judgment and Order of the district court of the first judicial district of the State of Montana, in and for the County of Lewis and Clark, dated August 10, 1976, dismissing 38 counts of the 43 count Amended Information herein having been fully briefed, argued and submitted to this Court for decision,

IT IS ORDERED, ADJUDGED AND DECREED:

(1) That said Order dated August 10, 1976, is vacated and set aside.

(2) That counts 12, 13, 16, 17, 26, 27, 30, 31, 36 and 37 of the Amended Information are hereby stricken and dismissed as conceded by the State.

(3) That the remaining 33 counts in the Amended Information are remanded to the district court for trial commencing September 28, 1976, as heretofore set by the district court.

(4) That this Order and Judgment is issued at this time to give the parties and the district court notice of our decision forthwith in view of the trial date. A formal written opinion

- 1 -

will follow in due course.

(5) Let remittitur issue forthwith.

DATED this 17th day of September, 1976.

\* \* \* \* \* \*


The Honorable W. W. Lessley, district judge, sat for Mr. Justice Wesley Castles.


The Honorable Edward T. Dussault, district judge, sat for Mr. Justice Gene B. Daly.