No. 84-482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

RICHARD MERENESS,

        Plaintiff and Respondent,

  -vs-

FRITO-LAY, INC.,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Loble & Pauly, Helena, Montana

    For Respondent:

      Howard and Grubbs, Billings, Montana

_____

Submitted on Briefs: Feb. 22, 1985

Decided: May 23, 1985

Filed: MAY 23 1985

*Ethel M. Harrison*
—————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Richard Mereness brought suit in Yellowstone County District Court against defendant Frito-Lay, Inc. Frito-Lay filed a consolidated motion to dismiss, motion for summary judgment, and motion for a change of venue. The District Court denied these motions. This is an appeal from the District Court's denial of the motion for change of venue.

Richard Mereness worked for Frito-Lay as a route salesman, selling and delivering Frito-Lay snack-foods to retail outlets. He was responsible for all accounting related to his sales and deliveries. If his account was short, the shortage was deducted from his paycheck. In November of 1980, Mereness left his employment with Frito-Lay alleging wrongful deductions from his paycheck. In January of 1981, he filed a claim against Frito-Lay with the Department of Labor and Industry. Frito-Lay responded that, instead of Frito-Lay owing Mereness wages, Mereness owed Frito-Lay for newly-found shortages in his account, in addition to the shortages previously withheld. However, under the then-prevailing interpretation of Montana law, Frito-Lay could not assert either previously-deducted or newly found shortages as offsets or counterclaims in the proceeding before the Department of Labor and Industry. Therefore, in May of 1981, Frito-Lay filed a complaint in Lewis and Clark County District Court against both Mereness and the Department. Frito-Lay sought to recover newly-found shortages from Mereness and to enjoin the Department from proceeding on the wage claim. On May 22, 1981, Mereness, acting pro se, filed a pleading denominated motion to dismiss

2

but which in fact was a motion to change venue to Yellowstone County. About one month later Mereness retained counsel. A hearing was held on the motion on October 1, 1981. An order denying the venue change was issued on October 6, 1981.

Mereness then changed attorneys and in November of 1981, together with the Department of Labor and Industry, again made a motion to change venue to Yellowstone County. Mereness also joined in the Department's motion to dismiss. A hearing was held and on January 5, 1982, the Lewis and Clark County action was dismissed and the entire matter was sent back to the Department with the direction to consider offsets alleged by Frito-Lay. Proceedings in the Department of Labor and Industry continued without conclusion. In November of 1983, Mereness brought the present action in Yellowstone County. Frito-Lay's motion to change venue was denied on September 27, 1984.

The issue presented by this appeal is whether the District Court, Yellowstone County, erred in denying defendant Frito-Lay's motion for a change in venue? Frito-Lay argues that the actions in Lewis and Clark County and Yellowstone County are the same and therefore the doctrine of law of the case makes the decision of the Lewis and Clark County District Court, denying a motion for change of venue, binding on the Yellowstone County District Court.

As authority, defendant cites to State of Montana v. Carden (1976), 170 Mont. 436, 555 P.2d 738. In Carden the State filed a motion for leave to file a direct information in District Court charging defendant Carden with 118 counts of criminal offenses. This motion was granted. Several months later a second judge dismissed seventy-five of the counts and the State was granted leave to file an amended

information covering the remaining forty-three counts. This information was filed but subsequently a third judge dismissed thirty-eight of the forty-three counts. The State conceded the dismissal of ten counts but appealed the dismissal of the remaining twenty-eight.

We provided as follows:

> "Under the 'law of the case' principle, judges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decisions of each other. It is simply a rule of practice that articulates the sound policy that when an issue is one judicially determined, that should be the end of the matter as far as judges and courts of coordinate jurisdiction are concerned. The 'law of the case' is not an imperative; does not go to the power of the court; and does not mean that a court does not have discretion to reconsider a ruling made by another judge in the same case." (Citations omitted.) Carden, 170 Mont. at 440, 555 P.2d at 740.

Since there was no discernable reason why the third judge, in his discretion, decided to reconsider the determinations of the two previous judges, we held that the prior rulings finding probable cause for filing the twenty-eight counts were the law of the case and binding on the third judge in the same action.

The question before us now, is whether there was good reason for Judge Holmstrom, in his discretion, to rule that proper venue in this action is in Yellowstone County, when Judge Meloy had previously ruled proper venue to be in Lewis and Clark County?

The parties on appeal have argued at length the question of whether or not the case filed in Lewis and Clark County is the same as the case filed in Yellowstone County. We agree with appellant that, for purposes of res judicata, if a judgment had been reached on the merits in the Lewis and

4

Clark County action, the Yellowstone County action would have been barred. This is because the two cases arose out of the same act, occurrence or transaction. However, the merits of the case were not reached in Lewis and Clark County and, as noted above, the mere fact that the cases are the same does not automatically preclude one court from reconsidering a ruling of a court of coordinate jurisdiction. In Lewis and Clark County Frito-Lay filed a suit against Mereness and the Department of Labor and Industry. Mereness's motion for change of venue was denied. Though no reason for the denial was given, it is reasonable to assume, as Judge Holmstrom did, that Judge Meloy felt bound by section 25-2-105, MCA, to hold that the cause against the Department must be tried in the County in which it arose, or Lewis and Clark County. However, in the Yellowstone County action, the Department is not a party and therefore there was no reason for Judge Holmstrom to take into account section 25-2-105, MCA, or to consider himself bound by the previous decision of the Lewis and Clark County District Court. The probable justification for the original venue decision by Judge Meloy did not exist in the Yellowstone County action. Moreover, as Judge Holmstrom points out, there is ample reason why this case should be tried in Yellowstone County. The complaint alleges a breach of contract that was to be performed in Yellowstone County and a tort that allegedly took place in Yellowstone County. Therefore, pursuant to sections 25-2-101 and 25-2-102, MCA, Yellowstone County is the proper venue for this action.

We hold that Judge Holmstrom properly exercised his discretion by reconsidering the venue ruling of the Lewis and

Clark County District Court.   His decision denying a motion

for a change of venue is affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_(signature)_

_(signature)_

_William E. Hunt_
Justices

6