No. 85-612

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

HOLLY A. HANSEN, f/k/a HOLLY A.
JURGENS,

        Plaintiff and Appellant,

   -vs-

JAY C. JURGENS,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary G. Doran, Kalispell, Montana

    For Respondent:

        Jeffrey D. Ellingson, Kalispell, Montana

---

Submitted on Briefs: April 4, 1986

Decided: July 24, 1986

Filed: JUL 24 1986

*Ethel M. Harrison*
        Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Jay C. Jurgens, the father, appeals from the amended findings of fact, conclusions of law and order entered September 30, 1985, in Flathead County District Court. He contends that the second judge, after hearing motions to amend and for a new trial, erred in amending the first judge's original findings, conclusions and order. He asks this Court to reverse the amended findings, conclusions and order and remand with instructions to reinstate the original order. We reverse and remand for clarification.

The parties were married in Coeur D'Alene, Idaho, in 1972. They had one child, Thomas Jason Jurgens who was 12 years old at the time of the hearing below. When the marriage was dissolved in 1974, the decree awarded custody of Thomas to the mother, respondent here, and required the father to pay $50 per month in child support. This was a result of an agreement of the parties and both judges below found this amount to have been unconscionably low. The father increased his payments voluntarily to $75 per month in October 1979 and to $100 per month in May 1985.

Presently, the mother earns an average take-home salary of $869.98 per month. She has income of $200 per month from a trust which has a principal balance of about $8,000. She receives $140 per month in child support for a daughter from a subsequent marriage. The father is employed by Jurgens Construction, Inc. He is president and holds 50% of the shares in that corporation. The remaining shares are held by his current spouse. He testified that the corporation currently has a negative net worth and grosses between $60,000 and $300,000 per year. Any net income is reinvested

2

in the business and he does not draw a salary. He also receives $267.82 per month from a contract for deed. Of the living expenses of $2,600 per month for the father, his current spouse, and her two children, about $1,900 comes from sources other than his income.

The mother requested modification of the child support award in June 1985. The father responded and requested custody of the child in July 1985. The first judge, after a hearing, issued findings of fact, conclusions of law and order on August 30, 1985. The second judge sat on the mother's motions to amend and for a new trial. He issued the amended findings of fact, conclusions of law and order on September 30, 1985.

Both sets of findings state inflation has greatly affected the purchasing power of a dollar since child support had first been established. The first set states the purchasing power to be 60% of that in 1974 and the second set states the purchasing power to be about half. Both sets of findings state the costs of raising a twelve year old boy to be greater than that of a pre-school child. The first set finds the current cost of raising the child to be $200 per month, the father's earning capacity to be $1,330 per month, and sets child support at $105 per month by applying the formula in In re the Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. The second set does not refer to the cost of raising the child, finds the father capable of earning $1,600 per month, and sets child support at $250 per month by referring to local district court guidelines and Department of Revenue guidelines.

The original order leaves custody of the child with the mother. It finds that the father's motion for a change in

3

custody was not vexatious or for purposes of harassment, and directs each party to bear their own attorney's fees and costs. The amended order awards the mother her attorney's fees and costs for bringing the action and defending against the father's motion for modification of custody. It leaves custody with the mother. The orders differ on the extent of visitation awarded the father. The original order extends his visitation to the summer months except for two weeks prior to time school begins in the fall. The amended order continues visitation as it was prior to this action.

The father appeals from the amended order raising the issue of whether the original order should be reinstated. We address this issue in two parts:

(1) Whether the second judge erred by amending the original findings of fact, conclusions of law and order.

(2) Whether the original decision is supported by substantial credible evidence.

In the first issue, the father claims that the original findings should not have been set aside unless they were clearly erroneous, citing Rule 52(a), M.R.Civ.P. That portion of Rule 52 governs action by a reviewing court in an appeal rather than the circumstances presented here. In State v. Carden (1976), 170 Mont. 437, 555 P.2d 738, this Court stated:

> [J]udges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decision of each other . . . It is simply a rule of practice that articulates the sound policy that when an issue is once judicially determined, that should be the end of the matter . . . (Citations omitted.)

170 Mont. at 439-440, 555 P.2d at 740. This Court found no factors present in that case which would move the discretion

4

of the later judge to reconsider the prior determinations of the earlier judges. This Court followed the "law of the case" principle in Mereness v. Frito-Lay (Mont. 1985), 700 P.2d 182, 184, 42 St.Rep. 716, 718, and could find "no discernable reason" why the third judge had discretion to reconsider decisions by two prior judges. Many decisions in other jurisdictions express a similar general rule that one district judge may overrule or review a decision of another district judge in the same case only where there are "exceptional circumstances," U.S. v. Wheeler (3rd Cir. 1958), 256 F.2d 745, cert. den. 358 U.S. 878, 79 S.Ct. 111, 3 L.Ed.2d 103, reh. den. 358 U.S. 913, 79 S.Ct. 229, 3 L.Ed.2d 234, or "most cogent reasons." Carnegie National Bank v. City of Wolf Point (9th Cir. 1940), 110 F.2d 569. In Wheeler, the reviewing court noted the first judge was available since he had neither died nor resigned, there was no "pressing urgency" for immediate review, and the new evidence presented was not substantially different than that already in the record. For these reasons, that court refused to uphold the amended order of the second judge. 256 F.2d at 747. In Carnegie, 110 F.2d 569, the second judge dismissed a suit for failure to prosecute a claim six years after the first judge "lodged" findings and conclusions favorable to the plaintiff. The reviewing court held that the second judge abused his discretion by overruling the first judge's decision and noted the first judge was still available. 110 F.2d at 573.

The case at bar presents no exceptional circumstances or cogent reasons warranting the second judge's action in amending the original decision. The first judge could have been called back to sit on the motion to amend, as he was and

5

still is available to consider the motion. Neither party indicated any pressing urgency. The new evidence presented by the mother on her motions to amend or for a new trial only gave additional information on the general costs of raising children. This evidence did not differ substantially from what had already been presented and, in fact, could have been available for use during the hearing before the first judge. We hold that the second judge erred when he amended the original findings of fact, conclusions of law and order.

When asking that the original order should be reinstated, the father argues, in the second issue, that the original findings of fact were supported by substantial, credible evidence. The mother argues that the findings on attorney's fees and on the needs of the child lack support in the evidence.

On the question of attorney's fees, the first judge found that the parties agreed the father had no opportunity to avoid payment of attorney's fees, that the mother made no demand for a specific dollar amount, that the mother's attorney filed for modification of child support without prior notice to the father, and that neither party's motions were malicious, vexatious or for the purpose of harassment within the meaning of § 40-4-219, MCA. The evidence least supportive of these findings is found in the mother's testimony. She admitted that the father had no opportunity to negotiate on the amount of payments prior to her motion for modification and that when she asked him to discuss higher payments with his current spouse he voluntarily increased the amount by $25 per month. In addition, she acknowledged that he discussed changing the custody arrangement several times prior to the current action. Even

the mother's testimony supported the findings on attorney's fees in the original order. We hold that the original findings on attorney's fees were supported by substantial, credible evidence.

The original decision contains a number of findings which bear on the amount of child support. To apply the formula from In re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St. Rep. 2419, three figures are needed; the custodial parent's net earning capacity, the visitation parent's net earning capacity and the needs of the child. The findings on the needs of the child in the original order includes the following: (1) $50 per month was unconscionably low child support in 1974, (2) the purchasing power of the dollar in 1985 is about 60% of what it was in 1974, (3) the cost of raising a 12 year old boy is greater than the cost of raising a pre-school child, and (4) the mother's living expenses are $1,160 per month.

The District Court then determined the child's needs were $200 per month with the resulting amount of support being $105 per month from the father and $95 per month from the mother using the Carlson formula. The origin of the $200 per month figure is not clear from the record. If the mother's living expenses are divided three ways between her and the two children, one share is about $386 per month. No other evidence was presented on the cost of raising the child. Using that figure in the Carlson formula, the resulting amount of child support to be paid by the father is about $200 per month when considering the other findings, the $105 has the purchasing power of about $63 in 1974. This is not much higher than the amount found "unconscionably low," set in 1974. In addition, the District Court had found the

7

cost of raising a 12 year old greater than that of raising a pre-school child. Because the $200 figure appears inconsistent with other relevant findings supported in the record and its origin is not clear from the record on appeal, this Court remands the original District Court order to the first judge for clarification on this point.

The amended findings of fact, conclusions of law and order are set aside and the original findings of fact, conclusions of law and order are remanded for clarification.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8