No. 86-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MATTER OF CHILD SUPPORT,
MARY ANN ISAACS, n/k/a KURTZ,

        Petitioner and Respondent,

   -vs-

MURR ISAACS,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        D. Michael Eakin and Russell LaVigne, Montana Legal
Services, Helena, Montana

    For Respondent:

        J. Dennis Corbin, Miles City, Montana

_____

Submitted on Briefs: Sept. 25, 1986

Decided:  December 9, 1986

Filed:   DEC 9 - 1986

_____
                         Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order of the District Court for Yellowstone County, granting $150 per month in child support to the father. We remand to the District Court for clarification.

The issues are:

1. Did the District Court abuse its discretion by granting an amount of child support which is less than the amount determined under the Carlson formula and less than the boys would be entitled to under Aid to Families with Dependent Children (AFDC)?

2. Did the District Court err by failing to make adequate findings as to how the amount of child support was determined?

The parents marriage was dissolved in 1976. The mother was awarded sole custody of the younger son, Charles, and the father was given sole custody of the older son, William. Both parties were to provide support for the child in their custody. The father was also ordered to pay the mother $75 per month for the support of Charles.

In December 1985 Charles was found to be a youth in need of care and was removed from his mother's custody and placed in his father's custody. That court order stated that "any determination as to what, if any, support should be paid by the boy's natural mother to the boy's natural father for his care, should be determined in the Court of original jurisdiction in Yellowstone County." Shortly thereafter, the father filed his petition for child support, and in March 1986 he moved for temporary child support. He asked for $180 per month for each boy.

At the hearing, the mother's monthly income was established as between $800 and slightly over $900. The father testified that he had been laid off from his job at which he had earned $1,298.90 per month and was presently receiving $644 per month in unemployment benefits. The District Court ordered the mother to pay $150 per month in child support until Charles reaches the age of majority. The father appeals.

I

Did the District Court abuse its discretion by granting an amount of child support which is less than the amount determined under the Carlson formula and less than the boys would be entitled to under Aid to Families with Dependent Children (AFDC)?

The parents agree that child support must be determined in accordance with § 40-4-204(1), MCA:

> In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>     (a)  the financial resources of the child;
>     (b)  the financial resources of the custodial parent;
>     (c)  the standard of living the child would have enjoyed had the marriage not been dissolved;
>     (d)  the physical and emotional condition of the child and his educational needs;
>     (e)  the financial resources and needs of the noncustodial parent; and
>     (f)  for the purposes of determining a minimum amount for support, the amount received by children under the AFDC program, as defined in 53-2-702.

Modification of child support must comply with § 40-4-208(b), MCA:

> Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

3

(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or
(ii) upon written consent of the parties.

The court's findings and conclusions do not specify the statutes employed in rendering its decision. After making findings concerning the custody of the children and the income of both parents, the District Court made this finding:

7. The present circumstances of petitioner, in the way she is supporting her present family, has the effect, to at least some degree, of placing support of her current husband ahead of supporting her children. Some realignment of priorities in that regard appears appropriate.

The court concluded:

1. That the respondent is the legal custodian of the two minor children of the parties.
2. That the petitioner is financially able to contribute to the support of said minor children.
3. That based upon the incomes of the parties and the needs of the children, the petitioner, MARY ANN KURTZ, is able to contribute the amount of $150.00 as child support for the minor children, commencing June 1st, 1986, and on the 1st day of each month thereafter, until the youngest of the children shall have attained majority or otherwise become emancipated.

The mother contends that the father failed to meet the criteria set forth in § 40-4-208, MCA, and that therefore no child support could be awarded for William. It is true that the father did not allege and the District Court did not specifically state that there was a change of circumstances so that the original support decree is now unconscionable. However, it is obvious that the change of custody of Charles was a changed circumstance so substantial and continuing as to make the original child support terms unconscionable.

The father states that the order for $150 per month in child support does not comply with the formula set forth in In re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41

4

St.Rep. 2419. That formula sets the child support amount based on the ratios of the parents' incomes as they relate to the total needs of the child. The father argues that under that formula, even if his pre-layoff income rather than his unemployment income was used, the wife would be required to pay child support of $287 per month, to meet the needs of the boys as determined by the amounts of AFDC, food stamps, and Medicaid to which they would be entitled. However, the formula in <u>Carlson</u> was offered as a guideline, not a requirement. Also, this Court has never required that children's needs be set at the total of AFDC, food stamps, and Medicaid amounts for that number of children. The statutory standards control.

The father also states that the amount of child support ordered by the court does not provide support for the children in an amount at least equal to what they would be entitled to under the AFDC program. He points out that the AFDC amount must be considered under § 40-4-204(1)(f), MCA, and states the monthly AFDC amount as $354. Actually, that is the amount for two children and an adult. The amount for two children is $104 per month. Section 46.10.403(4)(b), A.R.M. The court's support amount exceeds that.

We conclude that the District Court did not err on either of these grounds.

II

Did the District Court err by failing to make adequate findings as to how the amount of child support was determined?

The father cites Hansen v. Jurgens (Mont. 1986), 722 P.2d 1151, 43 St.Rep. 1316, in which we remanded findings and

5

conclusions for clarification of the origin of the amount set for child support:

> Because the [child support] figure appears inconsistent with other relevant findings supported in the record and its origin is not clear from the record on appeal, this Court remands the original District Court order to the . . . judge for clarification on this point.

Hansen, 722 P.2d at 1155.

Here, the District Court stated that it based its order on the incomes of the parties and the needs of the children. The court received into evidence tables of U.S. Department of Agriculture estimates of the costs of raising a child. It made specific findings as to the income of the parents, but nowhere in the findings and conclusions does the court set forth any statement of the needs of the children. As was true in the Hansen case, the origin of the child support figure is not clear from the record. A child support amount cannot be set or reviewed without a determination of the needs of the children. Accordingly, we remand to the District Court for clarification of the findings, conclusions and order.

Justice

We Concur:

_John L. Shelley_

_William E. Huntz_
Justices

7