(116 App. Div. 775)

### SCHAEFER v. THOMPSON.

(Supreme Court, Appellate Division, Second Department.  January 11, 1907.)

EASEMENTS—CONVEYANCE.

Under 1 Rev. St. (1st Ed.) pt. 2, c. 1, p. 478, tit. 5, § 1, providing that words of inheritance shall not be requisite to create or convey an estate in fee, where one conveyed a portion of his land and reserved an easement of a right of way without words of inheritance, it was not personal to the grantor, but passed to his grantee on a conveyance of the remainder of the land.

Appeal from Special Term, Suffolk County.

Action by Mary Schaefer against Cornelia J. Thompson.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Hommel being the owner of a lot 50 feet front on Main street, Northport, conveyed (with his wife) the westerly part, 30 feet front, to Schaefer, and later the latter conveyed the same to his wife, the plaintiff.  The deed of Hommel contained the following clause:

"Subject however to the right of said parties of the first part hereby reserved to them, their heirs and assigns to project cornices two feet over and above the easterly line of said premises—and the said parties of the first part also reserve a right of way for wagons and foot travel seven feet in width along the easterly line of said described premises."

Hommel afterwards conveyed the remainder of his lot, 20 feet front, and the defendant succeeded to that title.  The deed conveyed by metes and bounds, "with the appurtenances."

This is an action brought under sections 1638, et seq., of the Code of Civil Procedure · to compel the determination of title to real property, the complaint being that the defendant unjustly claims an easement in the plaintiff's lot, i. e., the easement of right of way in the said clause of Hommel's deed set out above.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

David B. Cahn (Timothy M. Griffing, on the brief), for appellant.

GAYNOR, J. The plaintiff claims that the reservation clause in the deed in respect of the right of way was personal to the grantor, and therefore ceased when he conveyed his land afterwards. It being plain and unambigous, facts dehors may not be resorted to for its interpretation. It is not affected by the absence of the word "heirs" or other words of inheritance. A reservation by the grantor in a deed-poll is deemed a grant by the grantee to him, and operates as such. 3 Wash. on Real Prop. (5th Ed.) pp. 461–2, 470–3; Reeves on Real Prop. p. 166; Claflin v. B. & A. R. Co., 157 Mass. 489, 32 ·N. E. 659, 20 L. R. A. 638; Stockbridge Iron Co. v. Hudson Iron Co., 107 Mass. 321. It was therefore necessary at common law for a reservation to be to the grantor and his heirs in order to make it perpetual instead of personal to him, that being the rule in respect of all grants in order to convey more than a life estate. But that rule was abrogated by statute in this·state, and with us a grant without terms of inheritance conveys an estate of inheritance. 1 Rev. St. (1st Ed.) pt. 2, c: 1, p. 748, tit. 5, § 1.

The judgment should be affirmed.

Judgment affirmed, with costs.

HIRSCHBERG, P. J., and WOODWARD and MILLER, JJ., concur; HIRSCHBERG, P. J., and MILLER, J., being also of the opinion that the language of the reservation permits, if it does not require, the construction that the reservation of the right of way is to the grantor's heirs and assigns, as well as the reservation of the right to project cornices. RICH, J., concurs in result.