FRED BROOKS and Another, Appellants, *v.* ROBERT WHEELER, Respondent.

Second Department, October 16, 1925.

Easements — right of way — deeds construed to grant right of way — physical facts and two deeds indicate width to be as shown by existing fences — plaintiff entitled to have encroachments on right of way removed.

In an action to compel the defendant to remove encroachments from an alleged right of way belonging to plaintiff in which it appeared that an early deed granted a right of way to the land in question and that subsequent deeds referred to the earlier deed with the exception of the last two deeds, which, however, purported to convey all the right, title and interest of the parties of the first part to the roads and highways adjacent to the premises, the deeds are construed to grant a right of way to the plaintiff to the land in question and, in view of the physical facts concerning the right of way and two deeds which describe the right of way, it is held that the width of the right of way is that indicated by existing fences within which the buildings in question are constructed, and, therefore, the plaintiff is entitled to have those buildings removed.

KELLY, P. J., and KAPPER, J., dissent.

Second Department, October, 1925. [Vol. 214

APPEAL by the plaintiffs, Fred Brooks and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 6th day of February, 1925, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation that the case be tried before the court without a jury and that the court direct a verdict with the same force and effect as though a jury were present.

*Elijah T. Russell,* for the appellants.

*John E. Mack,* for the respondent.

JAYCOX, J.:

The plaintiffs seek to remove certain buildings of the defendant from a lane or driveway over which the plaintiffs claim an easement. The plaintiffs' claim is not based upon prescription but upon grant only. The photographs introduced in evidence show a lane or driveway with a fence on each side and the defendant's buildings occupying a large part of the width of the driveway.

The first instrument in the plaintiffs' chain of title is a deed dated the 19th day of April, 1836, made by Isaac Reynolds and wife to Samuel Deuel, which conveys a farm containing 258 acres and twenty-seven perches. From the lands conveyed two parcels are excepted, one of which is not material here. The other is a lot of land owned by Richard Hermanz, containing three roods and seven perches. Connected with this is also this provision: " Also excepting a privilege of Richard Emanz (*sic*) to get water from a spring South of the road near his house for the use of his family upon the condition that said Ermanz (*sic*) is to keep a gate or barway to the same shut."

The plaintiffs do not claim that the easement or right of way excepted in this deed is the same easement or right of way which they now seek to enforce. They do not derive their title from Hermanz. This exception, however, probably is the genesis of the lane over which the plaintiffs now claim a right of way, as a map introduced in evidence shows a spring south of the highway and south of the lane or driveway now in controversy.

The next instrument in the chain of title is a deed dated October 11, 1852, made by Philip R. Rowe and wife to Samuel Deuel. This conveys a parcel containing 56 acres, two roods and five rods of land, " and also a right of way to and from the highway to the said piece of land with gates and bars in the same piece (*sic*) that now is and to the same extent as conveyed to Samuel Deuel by deed from Isaac Reynolds dated 19th day of April 1836." It is rather difficult to understand the meaning of this clause. However, I think if the phrases are transposed slightly its meaning is clear.

It should, I think, be construed as if written: " Containing 56 acres two roods and five rods of land as conveyed to Samuel Deuel by deed from Isaac Reynolds dated 19th day of April 1836, and also a right of way to and from the highway to the said piece of land with gates and bars in the same place that it now is and to the same extent." As thus transposed it conveys a right of way in the same place where it now is and to the same extent.

The next instrument is a conveyance made by Mary M. Deuel to Phenix N. Deuel, dated the 13th of November, 1882, which recites that the premises conveyed were devised to her by the will of her father, Samuel Deuel, deceased. This instrument conveys the tract of land " conveyed to Samuel Deuel by Philip R. Rowe and wife by deed bearing date Oct. 11, 1852, * * * containing 56 acres two roods 5 rods of land excepting from said last mentioned grant a strip of land heretofore conveyed to or taken by the Dutchess and Columbia Railroad Co. for its roadbed." This deed conveys the appurtenances. The right of way is not mentioned but passed as an appurtenant to the dominant estate. (*Whitney* v. *Richardson*, 59 Hun, 601; *Schaefer* v. *Thompson*, 116 App. Div. 775.) At any rate the reference to the prior deed is sufficient for that purpose. (*Grandin* v. *Hernandez*, 29 Hun, 399.)

The next instrument is a deed made by Amelia C. Deuel, widow of Phenix N. Deuel, deceased, and Silas I. Deuel, unmarried, to Walter W. Law, dated November 19, 1907. It recites that a portion of the premises were devised to Amelia C. Deuel by the will of her husband, Phenix N. Deuel, deceased, and a portion was inherited by Silas I. Deuel from his sister, Mary Deuel, intestate. It conveys among other premises a parcel containing 56.115 acres, " Together with all the right, title and interest of the parties of the first part in and to the roads and highways adjacent to the premises above described." It also recites that the premises were conveyed by a number of deeds, including a deed from Mary M. Deuel to Phenix N. Deuel, dated November 13, 1882.

Walter W. Law and wife conveyed to the Briarcliff Farms, by deed dated February 25, 1908. This deed conveys the parcel containing 56.115 acres, together with all the right, title and interest of the parties of the first part in and to the roads and highways adjacent to the premises above described. It also recites that the premises are the same as those conveyed by the deed last referred to.

Briarcliff Farms conveyed to Mark A. Patchin by deed dated April 30, 1924, the parcel containing 56.115 acres, " Together with all the right, title and interest of the parties of the first part of in and to the roads and highways adjacent to the premises above described." Patchin and his wife conveyed to the plaintiffs by

deed dated the 7th day of May, 1924, the parcel containing 56.115 acres, with the same recital as to conveyance, with all the right, title and interest of the parties of the first part in and to the roads and highways adjacent to the premises.

As previously stated, it is clear that the deed from Rowe to Samuel Deuel conveyed a right of way, as it then existed, from the fifty-six-acre parcel to the highway. From that time to the present time each of the deeds conveying the dominant estate has referred to the previous deed therefor, except the deed from Briarcliff Farms to Patchin and the deed from Patchin to the plaintiffs. The last two deeds, however, convey all the right, title and interest of the parties of the first part in and to the roads and highways adjacent to the premises described. The premises to which the right of way is appurtenant are not bounded by any public highway. The only road of any description that comes in contact with those premises is the right of way in question here. I think the descriptions in the deeds are sufficient and must be construed as conveying to the plaintiffs an easement from their property to the highway over the right of way in question here. (*Whitney* v. *Richardson, supra; Schaefer* v. *Thompson, supra; Grandin* v. *Hernandez, supra.*)

The width of the right of way or easement is not very clearly shown by the evidence. The deed from Rowe to Deuel says that the easement is to be in the same place that it now is and to the same extent. Two deeds in evidence describe a line crossing the easement in question as follows: " thence crossing a lane leading from the highway to the premises now being described South sixty-four degrees five minutes east 19.8 feet to the easterly side of said lane." The photographs and the map introduced in evidence also show a lane of about that width. The photographs would also indicate that the fences were not recently erected. I think it must be assumed that the right of way has been used to the width indicated by the fences and the recitals in the deeds.

I recommend that the judgment be reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiffs, with costs.

RICH and KELBY, JJ., concur; KELLY, P. J., and KAPPER, J., dissent.

Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiffs, with costs. Settle order on notice.