MARY T. DONOVAN, Plaintiff, *v.* WILLIAM J. WEPPNER and Others, Defendants.

Supreme Court, Erie County, April 30, 1928.

Vendor and purchaser — reformation of contract of sale — purchaser seeks to have contract include right to easement in alley adjoining premises — easement was subject of express grant by deed and is " appurtenance " and passes with conveyance though not specifically mentioned in deed — fact that contract provided that sale would include " all fixtures, and appurtenances permanently attached " to freehold, embraces right of way over alley.

This is an action to reform a contract for the sale and conveyance of real property so as to include an easement or right of way in an alley running along the easterly side of defendant's premises. It appears that the right of way was the subject of an express grant by deed, and because it is an " appurtenance " to the dominant estate it passes with a conveyance of the dominant estate and need not be specifically mentioned in the deed to confer the title to it in the grantee. Therefore, the contract should be construed to carry with it an agreement to convey the easement or right of way, though no specific mention of the easement was made in the deed.

Since the contract provided that it was " to include all fixtures, and appurtenances permanently attached to the freehold," that clause will be construed as embracing the easement or right of way over the alley, and plaintiff is entitled to have incorporated into the deed to be given a clause to the effect that there is conveyed any and all rights the grantors have in and to the use of the alley as provided in the deed to their predecessor in title.

ACTION by purchaser for reformation of contract for sale of real property and for specific performance of contract when reformed.

*Sidney S. Wallens* [*James O. Moore* of counsel], for the plaintiff.

*Morey Bartholomew*, for the defendants.

CHARLES B. WHEELER, Official Referee. This action is brought to reform a certain contract for the sale and conveyance of certain

real property located in the city of Buffalo so that the description of the property contained in the contract shall more accurately describe the property sold and to be conveyed. All parties to this action agreed that said reformation should be had. The plaintiff further asks that the contract shall also be reformed so as to include a certain easement or right of way in an alley running along the easterly side of the premises described. To this the defendants object. The plaintiff further asks for a specific performance of the contract when reformed in pursuance of the prayer of her complaint.

The facts are that the defendants are the owners of the property described in the amended description. Their father, Francis Charles Fisher, obtained title to this property in 1864 and by the deed of conveyance to him was incorporated a clause by which his grantors did " grant, bargain, sell and confirm unto the said F. Charles Fisher, his heirs and assigns the exclusive and permanent use and right of way through the alley marked A on the above diagram."

This referred to a diagram drawn on the deed showing the alley in question running along the easterly side of the property conveyed, being something over three feet in width. Francis Charles Fisher died leaving a last will and testament through which the defendants became the owners of the property in question.

On October 18, 1927, the owners, through their agent, William J. Weppner, made a written contract with the plaintiff in and by which they agreed to sell and convey the property in question to the plaintiff. The contract purported to describe the premises by metes and bounds although the description used was inaccurate in some particulars but is to be corrected by stipulation of the parties. This description, however, contained no reference to the easement or right of way over the alley.

The fee to this alley appears to be vested in and owned by Marie C. Spinner. However, by the deed by which Marie C. Spinner acquired title the easement or right of way over the alley is recognized by a reservation of the exclusive use and enjoyment " of Charles F. Fisher his heirs and assigns, the alley or passageway along the westerly line of said premises on the ground or first floor of the building, as mentioned and stipulated in the deed of the above described premises bearing date November 21, 1864   *   *   * recorded in the Erie County Clerk's office in liber 223 of deeds at page 285," etc.

This right of way or easement in the alley, therefore, is not one by implication or necessity, but was the subject of an express grant by deed, and is an incident to the dominant estate. It is in other

words an " appurtenance " to the dominant estate, and is so treated in the various decisions of the courts bearing on the subject.

The courts hold and it is the law that an appurtenance of this character passes with a conveyance of the dominant estate, and need not be specifically mentioned in the deed to confer the title to it in the grantee. (14 Cyc. 1184; *Voorhees* v. *Burchard*, 55 N. Y. 98; *Wells* v. *Tolman*, 88 Hun, 438; *Parsons* v. *Garner*, 5 id. 112; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510; *City of Geneva* v. *Henson*, 195 N. Y. 447, 464; *Mattes* v. *Frankel*, 157 id. 603, 608; *Doyle* v. *Lord*, 64 id. 432, 437.)

Consequently when the defendants agree to sell and convey the property described the contract should be construed to carry with it an agreement to convey the incidental easement or right of way, and their deed to the purchaser would carry with it the right of way even though no specific mention were made to the easement in the deed.

However, when we refer to the contract itself we find it provides as follows: " It is further agreed that this sale contract is to include all fixtures, and appurtenances permanently attached to the freehold."

The referee construes this clause as embracing the easement or right of way over the alley in question, and we are of the opinion the plaintiff is entitled to have incorporated into the deed to be given a clause to the effect that the grantors convey also any and all right they have in and to the use of said alley as provided in the deed to their father, Francis Charles Fisher. The views above expressed dispose of this action, and a decision may be drawn accordingly. We think the plaintiff entitled to costs.