Prepared by State Reporter from Appeal Papers

*Frank C. Laughlin, Joseph W. Kirkpatrick* and *Robert M. McCormick* for appellants.

*Henry de Forest Baldwin, Thaddeus G. Cowell, James S. Hemingway, John H. Vincent* and *Edward J. Dowling* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ATLANTIC MILLS OF RHODE ISLAND, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Real property — easements — railroads — injunction — action to restrain use of railroad right of way — purpose of grant — abandonment by nonuser.*

*Atlantic Mills of R. I.* v. *N. Y. C. R. R. Co.,* 221 App. Div. 386, affirmed.

(Submitted April 4, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered July 13, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was to restrain the defendant from using a railroad right of way over property of the plaintiff and for damages from such use. In 1869 plaintiff's predecessor in title conveyed certain dock property in the city of Hudson to the Delaware and Hudson Canal Company and also a right of way over other lands for rail tracks to connect the dock with the Hudson and Boston and Hudson River railroads. By subsequent conveyances the dock property and right of way came into possession of the Knickerbocker Portland Cement Company which in 1910 constructed a track on the right of way, not from the dock property, but from the line of the New York Central Railroad Company to what was formerly the Hudson and Boston railroad but is now the Boston and Albany and part of the New York Central

system. Subsequently the cement company leased this track to the New York Central which uses it as a connecting line between its Hudson River and Boston and Albany divisions. The Appellate Division held that the right of way was granted solely for the purpose of connecting the dock property with the railroad and not for general railroad purposes and that in any event the easement was lost by nonuser for more than forty years.

*William V. Saxe* for appellant.

*John V. Whitbeck, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARY A. REILLY, Respondent, *v.* AMERICAN MEAT AND SUPPLY COMPANY, INC., Appellant.

*Negligence — stores — action to recover for injuries from fall in store caused by stepping on crushed fruit hidden by sawdust.*

*Reilly* v. *Amer. Meat & Supply Co., Inc.,* 222 App. Div. 739, affirmed. (Argued April 4, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while walking along an aisle in defendant's store, slipped on what was described as "mashed fruit" hidden by sawdust and fell receiving the injuries complained of.

*Robert H. Charlton* and *John T. Loughran* for appellant.

*Harold R. Medina, Joseph Levy, Edward Gluck* and *Joseph A. McLaughlin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN and O'BRIEN, JJ. Dissenting: CRANE and KELLOGG, JJ.