Elbert T. Gallagher, J.
This is an action to enjoin the defendants from obstructing a right of way easement and to compel the removal of a harrier erected across the access drive *413 connecting the Saw Mill River Parkway with the plaintiff’s property.
In 1927 the County of Westchester, by deed, acquired for parkway purposes a portion of the land then owned by the Children’s Village. The deed contained the following provision: ‘1 Excepting and reserving unto the Grantor two rights of way and easements each 20 feet in width through and over a portion of the premises herein conveyed to construct and maintain at the Grantor’s own cost and expense 2 private driveways for vehicular traffic, connecting the remaining property of the Grantor adjacent to the premises herein conveyed with the proposed parkway drive through Saw Mill River Parkway and the railroad.”
The deed further provided that the plans for the driveways were to be approved by the Chief Engineer of the Westchester County Park Commission.
Thereafter a driveway was constructed by the Children’s Village over the premises conveyed to the County of Westchester, which driveway gave access to the paved portion of the parkway. The Park Commission for some years maintained signs on the parkway indicating that the driveway was the entrance to the Children’s Village. The driveway was used and maintained by the Children’s Village until the conveyance to plaintiff in 1954. The contention that the easement was abandoned is wdthout merit.
While there is no evidence to indicate that the plans for the driveway were ever submitted to or approved by the Chief Engineer of the Park Commission as provided in the deed, there is ample evidence upon which the court may conclude that the defendants consented to and approved the driveway as actually located and constructed.
The deed from the Children’s Village to plaintiff makes no specific mention of the easement. However, it conveys ‘ ‘ all the appurtenances and all the estate and' rights of the party of the first part in and to the said premises.”
An already existing easement appurtenant passes to the grantee of the dominant estate as an “ appurtenance ” even in the absence of any express reference. (Schwab v. Whitmore, Rauber & Vincinus Co., 245 Ap. Div. 174; Schaefer v. Thompson, 116 App. Div. 775; Brooks v. Wheeler, 214 App. Div. 147, mod. on other grounds 243 N. Y. 28; Restatement, Property, § 487; 3 Powell, Real Property, § 418, pp. 473-474.) The cases cited by defendants do not hold to the contrary. They are cases dealing with the creation of implied easements by necessity, usually *414 upon the severance of a single estate, or the creation of easements by adverse use. Such cases have consistently been distinguished from the transfer of express easements previously created by grant or reservation. (Harris v. Curtis, 139 App. Div. 393; Beeman v. Pawelek, 96 N. Y. S. 2d 204, 222; Donovan v. Weppner, 131 Misc. 903.)
Defendants contend however that the right of way easement in the case at bar is not appurtenant to the plaintiff’s property and, therefore, did not pass. The argument is based upon evidence which indicates that neither termini of the right of way is on the plaintiff’s property. The access drive runs from the paved portion of the parkway across the parkway lands and ends at Ogden Avenue, a public street which is contiguous with and apparently forms the boundary of plaintiff’s land. The driveway enters Ogden Avenue within a few feet of plaintiff’s property.
An easement appurtenant is an incorporeal right which one parcel of land, known as the servient estate, yields up to another parcel, known as the dominant estate, for the benefit of the latter. It inheres in the dominant estate as a right attached to and running with the land. It is distinguished from an easement in gross which is mere personal right in or over the land of another and which attaches to and is for the benefit of a person rather than the land.
Whether an easement is appurtenant or merely a personal right depends upon the intention of the parties to the instrument in which the easement was granted or reserved. (Antonopulos v. Postal Tel. Cable Co., 261 App. Div. 564.) In determining that intent the court must bear in mind the long established principle that an easement in gross will not be presumed where it can fairly be construed to be appurtenant to land. (Wilson v. Ford, 209 N. Y. 186, 196; Atlantic Mills of Rhode Island v. New Yorh Cent. R. R. Co., 221 App. Div. 386, affd. 248 N. Y. 535.) The court finds that the parties to the deed from the Children’s Village to the County of Westchester intended to create an easement for the benefit of the land retained by the grantor. That intention must control, and the fact that neither termini of the driveway subsequently located and constructed touches the dominant estate cannot effect a change in the nature of the right reserved. It follows, therefore, that the easement is appurtenant and passed to the plaintiff upon the purchase of the dominant estate.
The vital question in this case concerns the right of the defendants to erect and maintain a barrier across the access drive. No rule is better established than that the State or its agencies *415 may make police regulations although they interfere with the full enjoyment of private property; and regulations which impair the use of property or interfere with a property right, if done in the proper exercise of the police power, do not entitle the owner of such property to compensation or give him any right of action for the injuries sustained. Every property right is held subject to the paramount right of the State to reasonably regulate its use in the interest of the public welfare and safety. (People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429; Village of Carthage v. Frederick, 122 N. Y. 268; Jones Beach Blvd. Estate v. Moses, 268 N. Y. 362.) Of course the regulation must be reasonable and its reasonableness is to be determined in the light of all the facts and circumstances.
There is an apparent distinction between regulating and eliminating the use of a property right. The erection of a barrier across the access drive has, in effect, destroyed the right of way reserved by plaintiff’s predecessor in title. Yet it does not appear that all use of the access drive constituted a traffic hazard. On the contrary, the evidence indicates that the only hazard was that which resulted from left-hand turns and the barrier was erected in order to eliminate such turns. Left-hand turns are recognized generally as dangerous and unquestionably the Park Commission has the right to eliminate that danger. (Jones Beach Blvd. Estate v. Moses, 208 N. Y. 362, supra.) It must, however, take reasonable means. “What is reasonable is in large part tested by what is ordinary usage and common experience ”. (Commissioners of Palisades Interstate Park v. Lent, 240 N. Y. 1, 8.) The customary manner of eliminating left-hand turns is by the erection of “ no left turn ” signs. While there are other methods, perhaps equally appropriate, the erection of a barrier which destroys all access is not among them. In the opinion of the court that action went beyond what is customary or reasonably necessary.
There is no evidence upon which the court can determine damages and therefore, such relief is denied. The complaint is dismissed against the Children’s Village. An injunction is granted against the other defendants as prayed for in the complaint.
This opinion shall constitute the decision of the court.
Settle judgment on notice. „