## (July 10, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUMPHREY PEREZ, Petitioner, v. JACK R. NEVIL, as Sheriff of the County of Otsego, Respondent. — Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus seeking reduction of bail denied, without costs and without prejudice to prosecution of an appeal from the judgment of the Supreme Court, Otsego County, which set bail at $100,000. The appeal may be noticed for submission to the court at the term commencing August 19, 1974. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.

## (July 11, 1974)

■ In the Matter of NETTIE HERSHKOWITZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. (See *Matter of Flynn [Levine]*, 42 A D 2d 662; *Matter of Jackson [Catherwood]*, 24 A D 2d 1038, affd. 20 N Y 2d 863.) Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.

■ WILLIAM R. MACKAY et al., as Coexecutors and Cotrustees of THOMAS F. LUTHER, Deceased, et al., Appellants, v. STATE OF NEW YORK et al., Respondents.— Judgment, Supreme Court, Saratoga County, entered on October 2, 1973, affirmed, without costs, on the opinion of Larkin, J. at Special Term. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur. [75 Misc 2d 851.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLINTON L. "D", Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered September 18, 1973, which adjudicated appellant to be a youthful offender and imposed a reformatory sentence. Prior to the appellant's plea of guilty, a *Huntley* hearing was held at which a police officer testified that he had advised the appellant of all of his rights and that thereafter the appellant discussed the charges with him. The statements of the appellant were reduced to writing and signed by him, and the writing indicates affirmatively that the appellant understood his rights and voluntarily waived the same. The record amply supports the finding of the trial court that the statement was voluntarily made by the appellant without any violation of his constitutional rights and, accordingly, the appellant's contentions in regard to the confession are without merit. The appellant further contends that the imposition of a reformatory sentence was harsh and excessive. The record, however, does not establish any abuse of discretion in regard to this matter on the part of the Trial Judge. Judgment affirmed. Herlihy, P. J., Cooke, Kane, Main and Reynolds, JJ., concur.