■ JOSEF SCHRABAL, Appellant, v HOLIDAY BEACH PROPERTY OWNERS ASSOCIATION, INC., et al., Respondents.—In an action, inter alia, for a judgment declaring the plaintiff's boating and bathing rights under an easement granted to him by deed and to permanently enjoin the defendants from interfering with those rights, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated July 14, 1988, which denied his motion for a preliminary injunction.

Ordered that the order is affirmed, with costs to the respondent Holiday Beach Property Owners Association, Inc.

The law is well settled that in order to prevail on a motion for a preliminary injunction, the movant has the burden of demonstrating (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will result without a preliminary injunction, and (3) that a balancing of the equities favors the movant's position (see, Preston Corp. v Fabrication Enters., 68 NY2d 397, 406; Grant Co. v Srogi, 52 NY2d 496, 517). Viewed within this framework, the denial of the plaintiff's motion was a proper exercise of discretion.

Although it is not disputed that the plaintiff possesses an easement by express grant over the property in question, he has not adequately demonstrated an unreasonable interfer-

ence with his easement rights *(see generally,* 49 NY Jur 2d, Easements, §§ 151-166). We are, therefore, unable to conclude that there is a likelihood that the plaintiff will succeed on the merits. Furthermore, it appears that damages would adequately compensate the plaintiff should he prevail upon a trial of the action. Thus, the element of irreparable injury resulting from the defendants' alleged interference has not been demonstrated.

Finally, the plaintiff failed to demonstrate that the balancing of the equities is in his favor. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.