■ JOSEF SCHRABAL, Appellant, and JOHN P. HASSAN, Intervenor-Appellant, v HOLIDAY BEACH PROPERTY OWNERS ASSOCIATION, INC., et al., Respondents. [601 NYS2d 818] —In an action, inter alia, for a judgment declaring the plaintiff's boating and bathing rights under an easement granted to him by deed, the plaintiff and the plaintiff-intervenor appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), entered October 4, 1990, which denied the plaintiff-intervenor's motion for summary judgment on the plaintiff's first cause of action.

Ordered that the order is affirmed, with one bill of costs to the respondent Holiday Beach Property Owners Association, Inc.

The instant motion by the plaintiff-intervenor represents the second attempt by a party to these proceedings to obtain summary judgment against the defendants on the first cause of action. The same essential facts upon which this motion relies were previously set forth in two prior motions. The first motion, for a preliminary injunction, was denied. By decision and order dated May 22, 1989, this Court affirmed the denial of the motion for a preliminary injunction, finding that the plaintiff failed to demonstrate an unreasonable interference with his easement rights (see, Schrabal v Holiday Beach Prop. Owners Assn., 150 AD2d 670). The plaintiff then moved for summary judgment against the defendants, alleging essentially the same facts advanced in favor of the preliminary injunction application. In an order dated December 6, 1989, the Supreme Court denied the motion for summary judgment, noting that this Court had found that the plaintiff failed to demonstrate an unreasonable interference with his easement rights. The Supreme Court additionally noted that there were issues of fact barring summary judgment (see, Zuckerman v City of New York, 49 NY2d 557).

Subsequently, the plaintiff-intervenor moved for summary judgment, based upon the same relevant facts, which the court again denied. On appeal, the plaintiff and plaintiff-in-

tervenor contend that the Supreme Court should have granted the motion for summary judgment against the defendants. We disagree. The plaintiff and the plaintiff-intervenor have failed to demonstrate evidentiary facts sufficient to entitle them to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809). Accordingly, the Supreme Court properly denied summary judgment. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.