■ HERMINE H. STRNAD et al., Respondents, v GARY BRUDNICKI et al., Appellants. [606 NYS2d 913] —In an action pursuant to RPAPL article 15 for a judgment declaring the validity of an easement and a permanent injunction preventing interference with its use, the defendants appeal from an order of the Supreme Court, Suffolk County (Brown, J.), entered July 17, 1991, which granted the plaintiffs' motion for a preliminary injunction.

■ HERMINE H. STRNAD et al., Respondents, v GARY BRUDNICKI et al., Appellants. [606 NYS2d 915] —In an action pursuant to RPAPL article 15 for a judgment declaring the validity of

an easement, and a permanent injunction interfering with its use, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered March 10, 1993, which, *inter alia,* made the declaration and awarded the plaintiffs a permanent injunction.

Ordered that the judgment is affirmed, with costs.

In 1946 an easement of way was created by express grant. Through subsequent conveyances the plaintiffs became owners of the subdivided lots on the dominant estate and the defendants became owners of a lot on the servient estate. All of the plaintiffs' deeds either contained a specific reference to the easement or contained appurtenance clauses. The defendants' deed contained specific reference to the existence of the easement and indicated that the property was purchased subject to the easement. After several years of use and notice of the easement, the defendants constructed a fence to block access to the easement. The plaintiffs moved for and were granted a preliminary injunction to prevent the defendants from obstructing the use of the easement. The plaintiffs also moved for and were granted summary judgment for a permanent injunction to prevent the defendants from obstructing the use of the easement.

An easement appurtenant occurs when the easement is (1) conveyed in writing, (2) subscribed by the person creating the easement and (3) burdens the servient estate for the benefit of the dominant estate *(see,* 2 Warren's Weed, New York Real Property, Easements, § 3.05 [4th ed]; 49 NY Jur 2d, Easements and Licenses in Real Property, § 8). Thereafter, when the dominant estate is transferred, the easement passes to the subsequent owner through appurtenance clauses even though there is no specific mention of the easement in the deed *(Spencer v Kilmer,* 151 NY 390, 398-399; *Brooks v Wheeler,* 214 App Div 147, 149, *mod on other grounds* 243 NY 28; *Chain Locations v County of Westchester,* 20 Misc 2d 411, 413-414, *affd* 9 AD2d 936; 2 Warren's Weed, New York Real Property, Easements, § 8.04 [4th ed]; 49 NY Jur 2d, Easements and Licenses in Real Property, § 159). Once the appurtenant easement is created, it can only be extinguished by abandonment, conveyance, condemnation, or adverse possession and "remains as inviolate as the fee" *(Gerbig v Zumpano,* 7 NY2d 327, 330).

In the present case, the original conveyance of the property in 1946 created a written and subscribed easement for the benefit of the dominant estate (the plaintiffs' property) burden-

ing the servient estate (the defendants' property). Therefore, the easement was appurtenant and passed to all subsequent purchasers of the dominant estate through the general appurtenance clauses. Each and every deed in the plaintiffs' chain of title since 1946 contained a general appurtenance clause and, therefore, the plaintiffs have a valid property right in the easement of way. Additionally, contrary to the defendants' assertions, there is no evidence that the easement was extinguished by abandonment, conveyance, condemnation, or adverse possession.

Even if we assume that the easement is not appurtenant and did not pass automatically to the subsequent owners, a person who purchases the servient estate with actual or constructive notice of the easement is estopped from denying the existence of the easement *(Bridger v Pierson,* 45 NY 601, 604-605; *Marra v Simidian,* 79 AD2d 1046; *Zunno v Kiernan,* 170 AD2d 795, 796). Here, the defendants' deed contained specific language that their purchase was subject to the right-of-way shown on the filed map. The map clearly shows the right-of-way burdening the defendants' property and, therefore, they cannot now deny the existence of the right-of-way. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.