■ LAKE ANNE HOMEOWNERS ASSOCIATION, Also Known as LAKE ANNE ESTATES, INC., Respondent-Appellant, v LAKE ANNE REALTY CORP., Appellant-Respondent. [640 NYS2d 200] ■

While easements are generally granted by deed, they may also be granted by a lease (*see,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 31). Here, the leases entered into between the plaintiff's members (hereinafter the tenants) and the defendant (hereinafter the landlord), together with the map referenced in the leases, specifically granted an easement to the tenants over three interior roads which were adjacent to their rental units. When the terms of the express grant do not contain any specific limitations or boundaries, the rule of construction is that the grantee, here, the tenants, may use the right-of-way "in any manner which is necessary and convenient for the purpose for which it was granted" (*Hudson Val. Cablevision Corp. v 202 Developers,* 185 AD2d 917, 920).

The facts support the trial court's determination that the parties intended for the tenants to be able to use their vehicles to drive on the interior roads in order to get to their homes, and to be able to cross from the roads onto their lawns or into their driveways. Accordingly, we agree with the Supreme Court's determination to grant the tenants a permanent injunction against the landlord. However, the court erred in awarding the tenants attorney's fees, as there is no authority in the RPAPL to award attorney's fees in this case. Moreover, based upon a review of the record we find that the Supreme Court improvidently exercised its discretion in awarding the tenants treble damages pursuant to RPAPL 853 (*see, Lyke v Anderson,*

147 AD2d 18; *see also, Rocke v 1041 Bushwick Ave. Assocs.,* 169 AD2d 525). Similarly, the tenants were properly denied punitive damages.

We also find that the Supreme Court properly denied that branch of the landlord's posttrial motion which was for renewal. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.