■ THEODORE A. GREEN et al., Respondents, v JOHN MANN et al., Appellants. [655 NYS2d 627] —In an action pursuant to RPAPL article 15 for, inter alia, a judgment declaring the existence of an easement over certain property owned by the defendants, and to recover damages for interference with that easement, the defendants appeal from a judgment of the Supreme Court, Putnam County (Dickinson, J.), entered January 25, 1996, which, after a nonjury trial, inter alia, is in favor of the plaintiffs and against them, directing that they remove a structure encroaching on the easement and restore the property subject to the easement to its original condition.

Ordered that the judgment is affirmed, with costs.

In 1905 an easement for a right of way was created by express grant across lake-front property. The easement was intended to permit the holders of the easement to cross certain property so as to obtain access to the lake, and to construct and use a dock. Through subsequent conveyances the plaintiffs became the owners of subdivided lots on the dominant estate and the defendants became the owners of the lots on the servient estate. One of the plaintiffs' deeds contained specific reference to the easement. The defendants' deed contained specific reference to the existence of the easement as set forth in the 1905 grant, and recited that the property was purchased subject to the easement. The defendants were aware of the use of their property for purposes of the easement at the time they purchased it.

After more than 30 years of use and of notice of the easement, the defendants constructed a bulkhead which blocked the plaintiffs' access to the lake. The defendants alleged that the bulkhead was required by their liability insurer because of an accident that had occurred on the premises, and that it did not unreasonably interfere with the use of the easement. Following a nonjury trial, the court found that the plaintiffs possessed an easement by grant and by prescription and that the bulkhead did, in fact, interfere with it. The court directed that the defendant remove the bulkhead and restore the premises to its original condition. We affirm.

An easement appurtenant arises when the easement is (1)

conveyed in a writing, (2) subscribed by the person creating the easement, which (3) burdens the servient estate for the benefit of the dominant estate (see, Strnad v Brudnicki, 200 AD2d 735, 736; 49 NY Jur 2d, Easements and Licenses in Real Property, § 8). Thereafter, when the dominant estate is transferred, the easement passes to the subsequent owner through appurtenance clauses even though there is no specific mention of it in the deed (see, Strnad v Brudnicki, supra; Spencer v Kilmer, 151 NY 390, 398-399; Brooks v Wheeler, 214 App Div 147, 149). Once the easement appurtenant is created, it can only be extinguished by abandonment, conveyance, condemnation, or adverse possession, and it otherwise "remains as inviolate as the fee" (Gerbig v Zumpano, 7 NY2d 327, 330; Strnad v Brudnicki, supra).

The defendants' contention that the plaintiffs did not possess easement rights because their property was not described and laid down in the 1905 conveyance and map is without merit. The plaintiffs' lots were created as the result of a subsequent subdivision of the dominant estate. The easement is not destroyed where the dominant estate is divided, and the grantee of any portion of the dominant estate may claim the easement insofar as it is applicable to his part of the property (see, 1 Rasch, New York Law and Practice of Real Property § 18:66, at 534 [2d ed]). Unless clearly expressed in the grant, the law will not presume that either party at the time of the grant of the easement was ignorant that the grantee had the right to alienate a part of his or her lands, or that by such alienation the easement should be extinguished (see, 49 NY Jur 2d, Easements and Licenses in Real Property, § 160, at 275; 1 Rasch, New York Law and Practice of Real Property § 18:68, at 535 [2d ed]). As no such intention was expressed here, the plaintiffs, as owners of subdivided portions of the dominant estate, are entitled to exercise rights to the easement.

Although the original grant does not specifically describe the easement, the record establishes that the plaintiffs utilized the same portion of the defendants' property for over 30 years, and that the defendants acquiesced in this use. This long-time use, without objection by the servient tenement, establishes the location of the easement (see, 49 NY Jur 2d, Easements and Licenses in Real Property, §§ 102, 105; 2 Warren's Weed, New York Real Property, Easements, § 4.02 [4th ed]; see also, Onthank v Lake Shore & Mich. S. R. R. Co., 71 NY 194, 197; Weigold v Bates, 144 Misc 395, 398).

The servient tenement is prohibited from unreasonably

interfering with the rights of the plaintiffs to use the easement *(see, Hurd v Lis,* 92 AD2d 653; *Schrabal v Holiday Beach Prop. Owners Assn.,* 195 AD2d 453; 49 NY Jur 2d, Easements and Licenses in Real Property, § 145). Whether an obstruction constitutes an unreasonable interference is generally a question of fact *(see,* 1 Rasch, New York Law and Practice of Real Property § 18:58, at 503 [2d ed]). The evidence establishes that the bulkhead was constructed directly atop the point from which the plaintiffs were able to enter a deep water portion of the lake suitable for swimming. Under these circumstances, we are satisfied that the bulkhead constitutes an unreasonable obstruction of the plaintiffs' exercise of their easement rights. Because compensatory damages would be inadequate, the court did not err in ordering removal of the bulkhead and restoration of the area *(see, Rahabi v Morrison,* 81 AD2d 434, 438; *Lake Anne Homeowners Assn. v Lake Anne Realty Corp.,* 225 AD2d 736; *Laera v Molina,* 100 AD2d 615; *Filby v Brooks,* 105 AD2d 826, *affd* 66 NY2d 640).

While the defendants claim their liability insurance will be cancelled if the bulkhead is removed, they failed to establish that they would in fact be liable if persons utilizing the easement were injured. In the absence of any obligation to maintain or repair the easement, the defendants' only duty is to refrain from unreasonably interfering with the exercise of the right to the use of the easement by the owner of the dominant estate *(see, Greenfarb v R.S.K. Realty Corp.,* 256 NY 130; *Streuber v Meacham & Son,* 163 App Div 574; *Sutera v Go Jokir,* 86 F3d 298, 303; *Herman v Roberts,* 119 NY 37, 42; 2 Warren's Weed, New York Real Property, Easements, § 15.04 [2] [b]). As the grant imposed no duties on the defendants, they may not be held liable for injuries that result from use of the easement *(see, Streuber v Meacham & Son, supra).* Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.