■ ROGER LEWIS, Respondent, v NEDA YOUNG, Appellant. [661 NYS2d 51] —In an action pursuant to RPAPL article 15, *inter alia*, for a judgment declaring the existence of an easement over certain property owned by the defendant, the defendant appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), entered May 13, 1996, which, among other things, granted the plaintiff's motion for summary judgment on his first cause of action, and to dismiss the defendant's affirmative defenses and first counterclaim, and declared, *inter alia*, that the plaintiff's property is "benefitted by an express easement over property owned by the defendant", and (2) an order of the same court, dated September 4, 1996, which granted the plaintiff's motion to enforce the or-

der and judgment entered May 13, 1996, and directed the defendant to restore the property subject to the easement to the condition it was in prior to December 1993.

Ordered that the order and judgment and the order are affirmed, with one bill of costs.

Although the deed from the prior owners of the property to the defendant does not specifically describe the easement, the record establishes that the portion of the defendant's property known as the "main driveway" had been utilized for 37 years without objection by the servient tenement, thus establishing the location of the easement (see, Green v Mann, 237 AD2d 566).

Once a grant or right in the nature of an easement has been established, the location and definite course so fixed cannot be changed or substituted without the acquiescence and consent of both parties (see, Dowd v Ahr, 78 NY2d 469; 49 NY Jur 2d, Easements and Licenses in Real Property, § 106). Under the circumstances of this case, the Supreme Court properly granted summary judgment to the plaintiff on his first cause of action inasmuch as the plaintiff established that he did not consent to the relocation of the easement and the defendant failed to proffer any evidence raising an issue of fact (see, Zuckerman v City of New York, 49 NY2d 557).

The defendant's remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.