■ DOMENICO SELVAGGI et al., Appellants, v JOHN SKVORECZ, Respondent. [681 NYS2d 352] —In an action for a judgment declaring that the plaintiffs have an absolute right to (1) utilize a certain easement across the defendant's property and (2) construct a driveway therefrom to a newly-created public street, Pennsylvania Avenue, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated September 16, 1997, as denied their motion for summary judgment declaring their right to continue using the existing easement to gain access to their property from the right-of-way connecting to Ridge Road and which, upon searching the record, awarded judgment as a matter of law to the defendant on his counterclaim, and granted the defendant leave to enter a judgment declaring that the plaintiffs' right to utilize the easement shall be terminated upon the dedication of Pennsylvania Avenue to the Town of Clarkstown.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment declaring that the plaintiffs have the right to continue to use the existing easement to gain access to their property from the right-of-way connecting to Ridge Road.

An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate (*Green v Mann,* 237 AD2d 566; *Strnad v Brudnicki,* 200 AD2d 735; *see,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 8). Once an easement appurtenant is created, it can be extinguished only by abandonment, conveyance, condemnation, or adverse possession (*Will v Gates,* 89 NY2d 778; *Green v Mann, supra; People v Byrneses-On-Hudson,* 226 AD2d 353; *Strnad v Brudnicki, supra*). "The mere fact that this easement may have been created out of necessity does not alter the means by which it was created, i.e., *by grant,* and as such it remains inviolate as the fee favored by the grant" (*Gerbig v Zumpano,* 7 NY2d 327, 330; *see, Will v Gates, supra,* at 783; *see also, Mackay v State of New York,* 75 Misc 2d 851, *affd* 45 AD2d 900).

The express grant of a perpetual easement creates just that, a perpetual easement, unaffected by the availability of direct access to the plaintiffs' property from Pennsylvania Avenue. The Supreme Court treated the express perpetual easement as but a mere "way of necessity"; a temporary right that exists only so long as the necessity exists (*see,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 170). However, this case deals with an express grant and an easement thus created is not extinguished merely because the necessity ceases (*see, Gerbig v Zumpano, supra,* at 330).

Accordingly, because the plaintiffs' motion for summary judgment sought only to enforce their rights to continue to use the existing easement, it should have been granted. The defendant's counterclaim that the easement has terminated is without merit and should have been dismissed. However, we note that the plaintiffs do not have an absolute right to alter the existing easement by constructing a driveway on the defendant's land over the defendant's objections. While the easement grants the plaintiffs the right to cross the defendant's land to reach their property, the easement runs from the right-of-way, not from Pennsylvania Avenue. The easement enables the plaintiffs to access their property via the right-of-way from Ridge Road. They have no right to travel along the easement from Pennsylvania Avenue unless the defendant consents to

the construction of a driveway (*cf., Lewis v Young,* 92 NY2d 443). Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.