◼ Douglas G. Cronk et al., Appellants, v Richard A. Tait et al., Respondents. [719 NYS2d 386] —Mugglin, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered April 17, 2000 in Delaware County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

Originally, the northerly portion of plaintiffs' property and the northerly portion of the property of his adjoining neighbor to the west, James Mattice and Deborah Mattice (nonparties), were landlocked. Plaintiffs' property was accessible via an easement across defendants' property (which abuts the Mattice property on the west) and was conveyed in 1906 to plaintiffs' and the Mattices' predecessor in title, "his heirs and assigns forever" as follows: "Together with a right of way to parcel 2, over and across the lands of the party of the first part, along such a course as is most convenient to said party of the second part to reach the same."

This dominant estate parcel and a parcel lying between it and the public highway (State Route 30 in the Town of Roxbury, Delaware County) came into common ownership in 1908 and were thereafter reconfigured, plaintiffs eventually owning the easterly portion of both parcels and the Mattices owning the westerly portion of both. Each reconfigured parcel therefore consisted of a portion of the landlocked parcel and a portion of the intervening parcel and each now fronts on the public highway.

Plaintiffs, asserting that the steepness of the terrain makes it difficult or impossible to reach the northerly portion of their property, brought this proceeding pursuant to RPAPL article 15 to establish their right to use the easement across defendants' property. It appears from the record that the Mattices acknowledge the validity of the easement.

Asserting the existence of no triable issues of fact, plaintiffs moved for summary judgment. Defendants opposed the motion and cross-moved for summary judgment. The affidavit by defendant Richard A. Tait in support of the cross motion appears to assert that either the easement was abandoned or that, by reason of his having built his house on the easement location, defendants have reacquired it by prescription. Supreme Court granted the cross motion because it found that the easement provided a connection from the west boundary of the previously landlocked parcel to the highway, and since plaintiffs now own the east portion of the formerly landlocked parcel, the easement is not "applicable" to their portion. Apparently considering this issue to be dispositive, Supreme Court did not address the issues of prescription or abandonment. On the narrow issue thus presented, there must be a reversal.

The subdivision of the dominant estate does not destroy the easement, the subsequent owner of any part continuing to have the right to use the easement so long as no additional burden is imposed upon the servient tenement by such use (*see*, 49 NY

Jur 2d, Easements, § 160, at 275). It is not required that the dominant and servient estates be contiguous (*see, Wilcox v Reals*, 178 AD2d 885, 886; *Reiss v Maynard*, 170 AD2d 992, 992-993, *lv dismissed* 78 NY2d 908).

On this appeal, defendants seek to argue that they had neither actual nor constructive notice of the existence of the easement because it does not appear in their chain of title. In addition to not pleading this as an affirmative defense in their answer (*see*, CPLR 3018 [b]; *Munson v New York Seed Improvement Coop.*, 64 NY2d 985), it was not argued before Supreme Court and involves issues of fact which plaintiffs have not had the opportunity to address. Defendants also seek to raise, for the first time on appeal, an issue of whether the language of the original conveyance created an easement or merely a license, and whether the grantor of the easement had title at the time of the purported conveyance. Whether the easement was effectively extinguished involves issues of fact and was not addressed by Supreme Court. This matter must be remitted so that Supreme Court can determine whether an express easement was granted. If it was, it is well settled that an express easement is extinguished only by abandonment, conveyance, prescription or condemnation (*see, Gerbig v Zumpano*, 7 NY2d 327, 330), and Supreme Court will further have to determine if the facts establish any of these theories.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing the complaint; cross motion denied; and, as so modified, affirmed.