■ PATRICIA DARLING, Respondent, v ROBERT MCDONOUGH et al., Appellants. [732 NYS2d 863] —In an action for a judgment pursuant to RPAPL article 15 declaring, *inter alia,* that the defendants' property is subject to an easement, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated December 3, 1999, which denied their motion for summary judgment dismissing the complaint and for the imposition of sanctions, and granted the plaintiff's cross motion for summary judgment, (2) a judgment of the same court, dated April 11, 2000, which, among other things, declared that their property is subject to an easement, and (3) an order of the same court, dated March 9, 2000, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated December 3, 1999, is dismissed; and it is further,

Ordered that the appeal from the order dated March 9, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment dated April 11, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The subject properties are located in a subdivision known as Canyon Creek. The map of the Canyon Creek subdivision was filed in 1986. The developer also filed a "declaration of covenants, restrictions, easements, charges and liens" (hereinafter the declaration) which provided that where any driveway or water line "as originally constructed by developer encroaches on any lot * * * it shall be deemed that the owner of such lot * * * has granted a perpetual easement to the owner of the

adjoining lot * * * for continuing maintenance and use of such encroaching * * * driveway [and] water line." A certificate of occupancy was issued in 1989 for the residence now owned by the plaintiff.

The defendants purchased a lot adjoining the plaintiff's property in 1997 to construct a residence. Prior to the closing on their property, the defendants became aware that the plaintiff's driveway and a water drainage pipe encroached approximately two feet over their property line. Following a demand by the defendants that she remove her driveway from their property, the plaintiff commenced this action, *inter alia*, for a judgment declaring that the defendants' property was subject to an easement and to enjoin the defendants from removing the purported encroachments.

The Supreme Court properly granted the plaintiff's cross motion for summary judgment. The defendants did not dispute the validity of the easement granted in the declaration (*see generally, Selvaggi v Skvorecz,* 256 AD2d 324; *Strnad v Brudnicki,* 200 AD2d 735). Rather, they contended that the driveway on the plaintiff's property was not encompassed by the easement because it was not constructed by the developer. The plaintiff presented sufficient proof, however, that her driveway was "as originally constructed by developer" within the meaning of the declaration and that she therefore enjoyed a perpetual easement over that portion of the defendants' lot where the driveway and drainage pipe were located. The evidence submitted by the defendants failed to present a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557).

The defendants' remaining contentions are without merit. O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.