■ GUY BOGART et al., Respondents, v ROBERT B. ROVEN et al., Appellants. [780 NYS2d 355]—

In an action pursuant to RPAPL article 15, inter alia, to compel the determination of claims to real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Pano Patsalos, J.H.O.), dated March 13, 2003, as, after a nonjury trial, declared that the plaintiffs "duly own and are entitled to exercise the right of undisturbed privilege, by express grant by deed of an easement, to cross and recross the lands of the defendants . . . designated as Section 16, Block 1, Lot 30 on the Tax Map of the Town of Warwick, for full access to and enjoyment of the plaintiffs' premises, designated as Section 16, Block 1, Lot 49 on the Tax Map of the Town of Warwick, together with such other rights as are necessary to the enjoyment of such rights of passage."

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs are the owners of a landlocked parcel (hereinafter Lot 49) in the Town of Warwick. The defendants are the owners of an adjoining parcel (hereinafter Lot 30) which fronts the nearest public road. Until April 20, 1866, both parcels were owned jointly by three siblings, James Hedges, Mehitable Hedges, and Anna Onderdonk. By deed dated April 20, 1866 (hereinafter the Hedges Deed), Lot 30 was conveyed by Mehitable Hedges and Anna Onderdonk to James Hedges, his heirs and assigns, which deed excepted and reserved "the privilege of crossing and re-crossing with teams or trams the said premises at all time or times for the purpose of drawing wood for themselves, their heirs and assigns." By another deed of the same date (hereinafter the Onderdonk Deed), Lot 49, which was described as a "wood lot," was conveyed by James Hedges and Mehitable Hedges to Anna Onderdonk, her heirs and assigns, "[t]ogether with the undisturbed privilege given to cross and re-cross the lands of said James Hedges to get to the said wood lot at all time or times." The parties stipulated that the conveyances to the defendants' predecessor-in-interest and to the plaintiffs' predecessor-in-interest were effectuated by the Hedges Deed and the Onderdonk Deed, respectively.

The plaintiffs claimed that they have an unrestricted easement appurtenant pursuant to the terms of the Onderdonk Deed. Alternatively, they claimed to have an affirmative easement by necessity. The defendants, relying upon the exception and reservation clause contained in the Hedges Deed, claimed that the plaintiffs have only the right of egress and ingress through Lot 30 for the purpose of "drawing wood" from Lot 49.

Where, as here, the parties' common predecessors-in-interest, in pursuance of an agreement to partition properties jointly held by them, executed several instruments of the same date and relating to the same subject property, it is proper to construe such instruments as part of a single transaction (*see Palmer v Palmer,* 150 NY 139, 146 [1896]). When read together, the Hedges Deed and the Onderdonk Deed manifest a clear and unambiguous intent to create an unrestricted easement appurtenant establishing Lot 30 as the servient estate and Lot 49 as the dominant estate. An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate (*see Selvaggi v Skvorecz,* 256 AD2d 324, 325 [1998]; *Green v Mann,* 237 AD2d 566, 566-567 [1997]). The easement contained in the Onderdonk Deed satisfied these conditions, creating the "wood lot" as the dominant estate, and the "lands of said James Hedges" as the servient estate. Lot 49 is expressly

designated in the Onderdonk Deed as the "wood lot" and Lot 30 is referred to therein as "lands of said James Hedges." Lot 30 lies between Lot 49 and the public road and was conveyed to James Hedges pursuant to the Hedges Deed.

Contrary to the defendants' contentions, the exception and reservation clause contained in the Hedges Deed did not conflict with the easement grant contained in the Onderdonk Deed. Since the exception and reservation clause in the Hedges Deed did not identify any dominant estate, it did not constitute a restricted easement appurtenant for the benefit of Lot 49 (*see Selvaggi v Skvorecz, supra; Green v Mann, supra*). Rather, the language is more consistent with a reservation, by the grantors, of limited timber rights on Lot 30 "for themselves, their heirs and assigns," coupled with an attendant right-of-way (*see Fischer v Zepa Consulting,* 95 NY2d 66 [2000]). There is nothing in the Hedges Deed evincing an intent to restrict or limit the easement granted in the Onderdonk Deed.

The absence of any reference in the Hedges Deed to the easement grant contained in the Onderdonk Deed raises issues concerning the easement's enforceability which, under different circumstances, would have required a remittal to the Supreme Court for additional fact-finding (*see Witter v Taggart,* 78 NY2d 234 [1991]; *Cronk v Tait,* 279 AD2d 857, 859 [2001]; *Clements v Schultz,* 200 AD2d 11 [1994]). However, here, the landlocked status of Lot 49, which was a direct result of the partition effected by the Hedges Deed and the Onderdonk Deed in 1866, gave rise to a right-of-way by necessity for the benefit of Lot 49 (*see Palmer v Palmer, supra* at 146; *see also Resk v City of New York,* 293 AD2d 661 [2002]), and we find that the circumstances constituting the "necessity" were sufficient to place the defendants on inquiry notice of the easement claimed by the plaintiffs, regardless of whether such easement appears in the defendants' chain of title (*see Witter v Taggart, supra* at 240-241). Therefore, the Supreme Court properly declared the validity of the subject easement.

The defendants' remaining contentions are without merit. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.