■ In the Matter of MARTHA EVANS, Appellant, v HILDA OSBORNE, Respondent. [829 NYS2d 609]—

In a proceeding, purportedly brought pursuant to RPAPL article 7, to extinguish a reciprocal easement, the petitioner appeals from an order of the Supreme Court, Queens County (Agate, J.), dated April 25, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner Martha Evans and the respondent Hilda Osborne own adjoining parcels of real property in Queens. In

1987 Evans's predecessor-in-interest entered into an agreement with Osborne creating a reciprocal easement over a common driveway, which agreement was duly executed and recorded. In 2003 Evans erected a fence and a gate on the easement. In a prior proceeding, it was determined that the fence and gate violated the easement and Evans was ordered to remove them. In 2005 Evans, acting pro se, commenced this proceeding to extinguish the easement. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

In support of her petition, Evans demonstrated no basis upon which to extinguish the easement (*see generally Will v Gates,* 89 NY2d 778 [1997]; *Gerbig v Zumpano,* 7 NY2d 327 [1960]; *Selvaggi v Skvorecz,* 256 AD2d 324 [1998]).

Evans's additional argument that the erection of the fence and gate was nonetheless permissible was barred by the doctrine of res judicata arising from the prior proceeding, which resulted in an order directing the removal of the fence and gate (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343 [1999]).

Evans's remaining contentions either are without merit or concern matter dehors the record. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.