◼ COPART INDUSTRIES, INC., Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—Judgment, Supreme Court, New York County, entered November 13, 1974, in favor of the defendant Consolidated Edison Company of New York, Inc., after a jury trial, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The plaintiff corporation leased space in a portion of the Brooklyn Navy Yard. It used the leased facilities for the storage and preparation of new cars. Noxious emissions from smokestacks of the defendant, located nearby, allegedly caused damage to the exteriors of the automobiles being serviced by Copart, compelling it to cease to do business at that location.

Copart instituted suit alleging, *inter alia,* a cause of action for nuisance as a result of "the deliberate and willful violation of the rights of [Copart]" and for trespass. The court instructed the jury on the law of nuisance and contributory negligence. Exception was taken to that instruction. The jury found in favor of Consolidated Edison and Copart urges that the court's instructions were error warranting reversal and remand for a new trial. We would affirm. The source of the pollutant resulting in damage to the cars serviced by Copart was the subject of conflicting expert testimony, plaintiff's expert claiming Consolidated Edison to be the culprit, and Consolidated Edison claiming other fuel burners in the Brooklyn Navy Yard as possible culprits. The plaintiff's expert also testified that while the plant in question had once used a combined mechanical-electrostatic precipitator, it ceased using it some time before this cause of action arose. He further testified as to the normal custom in the trade regarding the use of such mechanisms. Consolidated Edison advanced expert testimony on its behalf. Clearly an issue in the case was the proper running of the Consolidated Edison plant, based on the available antipollution technology. In order for use of property to constitute a nuisance, it "must be such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient" *(Campbell v Seaman,* 63 NY 568, 577). Furthermore, we agree with our dissenting brothers that the primary meaning of nuisance does not involve the element of negligence as one of its essential factors *(Heeg v Licht,* 80 NY 579). However, in contemplation of law, nuisance is a concept susceptible of more than one meaning. While an absolute nuisance need not contain within its definition a flavoring of negligence, a qualified nuisance may (42 NY Jur, Nuisances, § 9, p 453). Moreover, we cannot rely solely on the labeling of a cause of action in a complaint to determine whether its origin is in negligence or absolute nuisance, since it would be an intolerable situation to allow the choice of name, often left to the predilection of the drafter of the complaint, to condition the liability of a defendant *(McFarlane v City of Niagara Falls,* 247 NY 340, 345). In the case at bar, the testimony, especially that of the experts, as developed at trial, showed an inextricable intertwining of negligence with the nuisance claimed, though the complaint did not so frame the issue. We find that the proof portrayed the alleged wrong as "a nuisance, though dependent upon negligence" *(McFarlane v City of Niagara Falls, supra,* p 344; *Khoury v County of Saratoga,* 267 NY 384, 389; also see *Delaney v Philhern Realty Holding Corp.,* 280 NY 461, 468 [Crane, J., concurring]). Under the circumstances, therefore, the instructions to the jury on the issue of negligence were correct, and affirmance of the judgment is warranted. Concur—Silverman, Lane and Nunez, JJ.; Markewich, J. P., and Kupferman, J., dissent in the following memorandum: Markewich and Kupferman, JJ. (dissenting). We dissent and would reverse and remand for a new trial. The plaintiff, a New York corporation, was formed for the purpose of preparing for sale and storing new automobiles for car dealers in the New York City area. It leased a portion of the old Brooklyn Navy Yard for a term of five years for this purpose. Acidic smut particles containing sulphuric acid, $H_2SO_4$, landing on the tops of the automobiles, discolored and pitted them, requiring repainting. Investigation through the New York City Department of Air Resources led to the possibility that the particles came from the stacks of defendant's oil-burning utility plant located adjacent to the premises occupied by the plaintiff. The complaint alleged, among other things, nuisance, but did not contain a cause of action for negligence. The defendant's plant originally burned coal and had been converted to burning

fuel oil. It had five stacks, which formerly had a mechanical electrostatic precipitator that trapped particulate matter before it was emitted, but it had been removed by the defendant with the approval of the New York City Department of Air Resources prior to the commencement of the plaintiff's lease. Putting aside the possibility that there could be liability without fault, and in the absence of proof of negligence by the defendant (see *Boomer v Atlantic Cement Co.,* 26 NY2d 219), a cause of action in nuisance "does not involve the element of negligence as one of its essential factors." (42 NY Jur, Nuisances, § 16, p 461.) The charge which mingled elements of nuisance and negligence could have been confusing to the jury *(Bacon v Celeste,* 30 AD2d 324). The possibility of confusion was compounded by an instruction that the plaintiff, to succeed, was required to prove that the injury to its property was intentionally inflicted. It was not contended that there was intentional infliction of harm, nor was such necessary to prove the nuisance.