■ LAWRENCE WOLF, INC., et al., Appellants, v KISSING BRIDGE CORPORATION, Respondent. [733 NYS2d 322] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action alleging that their property, located at the base of two of defendant's ski trails, was damaged by water runoff during a mid-winter thaw. Plaintiffs allege that artificial snow made by defendant was part of the runoff, and that a culvert built by defendant to divert water from plaintiffs' premises became clogged, allowing the water to flow onto plaintiffs' property. Plaintiffs further allege that defendant's artificial pond, located on defendant's property adjacent to plaintiffs' vacation home, has become an actionable nuisance.

Supreme Court erred in granting that part of defendant's

motion seeking summary judgment dismissing the cause of action for nuisance. Plaintiffs allege that they are unable to use their vacation home during the summer because defendant has failed to maintain its artificial pond in a proper manner, resulting in foul odors and excessive mosquitos. Plaintiffs allege that the pond has decreased in size, and has become full of sludge and visually offensive. "In order for use of property to constitute a nuisance, it 'must be such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment [e]specially uncomfortable or inconvenient' " (*Copart Indus. v Consolidated Edison Co.*, 52 AD2d 791, 792, *affd* 41 NY2d 564, *rearg denied* 42 NY2d 1102, quoting *Campbell v Seaman*, 63 NY 568, 577). In determining that plaintiffs had not established an interference "substantial in nature, intentional in origin, unreasonable in character," the court engaged in impermissible fact-finding on this motion for summary judgment (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Esteve v Abad*, 271 App Div 725, 727).

We further conclude, however, that the court properly granted summary judgment dismissing the remainder of the first amended complaint. With respect to the cause of action alleging water damage due to the excess flow of surface waters, defendant met its initial burden of establishing that it is not liable for damages caused by the flow of surface water because it did not intentionally and in bad faith divert surface waters by artificial means (*see, Betancourt v City of New York,* 194 AD2d 759, 760), and plaintiffs failed to raise an issue of fact in that respect. The court also properly granted summary judgment dismissing the cause of action seeking to enforce an alleged covenant to maintain the artificial pond. Defendant established that there was no unequivocal intention to create an obligation that runs with the land, and plaintiffs failed to raise an issue of fact (*see, Smith v LaTray,* 161 AD2d 1178, 1179). Finally, the court properly granted summary judgment dismissing the cause of action seeking to compel defendant to maintain the easement owned by plaintiffs. In the absence of an agreement otherwise, the owner of an easement has the duty to maintain it (*see, Greenfarb v R. S. K. Realty Corp.*, 256 NY 130, 135, *rearg denied* 256 NY 678). Here, defendant established that there was no such agreement otherwise, and plaintiffs failed to raise an issue of fact.

We modify the order, therefore, by denying defendant's motion in part and reinstating the cause of action for nuisance. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.