# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

875

CA 11-02341

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IRONWOOD, L.L.C.,
PLAINTIFF-RESPONDENT-APPELLANT,
ET AL., PLAINTIFF,

               V                          MEMORANDUM AND ORDER

JGB PROPERTIES, LLC,
DEFENDANT-APPELLANT-RESPONDENT.

---

MICHAEL J. KAWA, SYRACUSE, FOR DEFENDANT-APPELLANT-RESPONDENT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered February 3, 2011. The order, inter alia, denied the claim of plaintiff Ironwood, L.L.C. for compensatory damages, granted the motion of plaintiff Ironwood, L.L.C. to amend the complaint to assert a claim for punitive damages, and determined that plaintiff Ironwood, L.L.C. is entitled to punitive damages.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's claim for compensatory damages and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Ironwood, L.L.C. (plaintiff) is the successor in interest to an easement granting it a "permanent right of way for a railroad spur track" over property owned by defendant. The spur track connected plaintiff's property with the main railway line. After defendant removed the spur track over plaintiff's objections, plaintiff commenced this action seeking, inter alia, a declaratory judgment, injunctive relief and damages based upon defendant's unlawful interference with the easement. Plaintiff moved for a declaratory judgment and for partial summary judgment finding defendant liable for unlawful interference with plaintiff's use of the easement, and defendant cross-moved to dismiss the complaint. Supreme Court granted plaintiff's motion, declared that plaintiff possessed a permanent right of way for a spur track across defendant's property, enjoined defendant from further interference with plaintiff's use of the easement and ordered that a damages inquest be held. After the damages inquest, the court denied plaintiff's claim for compensatory damages, granted plaintiff's further motion to amend the complaint to

assert a punitive damages claim and determined that plaintiff was entitled to punitive damages. The court deferred its determination of the amount of the punitive damages award until after discovery and a hearing. Defendant appeals and plaintiff cross-appeals.

Addressing first plaintiff's cross appeal, we agree with plaintiff that the court erred in concluding that the diminution in rental value of its property caused by defendant's interference with the easement is the only permissible measure of compensatory damages for that interference and thus that the court erred in denying plaintiff's claim for compensatory damages. An easement is "an incorporeal right which is appurtenant to the ownership of the dominant estate," i.e., plaintiff's property, and "which constitutes a charge upon the servient estate", i.e., defendant's property (*Rahabi v Morrison*, 81 AD2d 434, 437-438). "An easement is more than a personal privilege to use another's land, it is an actual interest in that land" (*Sutera v Go Jokir, Inc.*, 86 F3d 298, 301; *see Rahabi*, 81 AD2d at 438). "In the case of an affirmative easement, the owner of the dominant tenement–the easement holder–acquires or is granted a right to use another person's land in a particular, though limited, way" (*Sutera*, 86 F3d at 302). Therefore, the owner of the servient estate may not "unreasonably interfer[e]" with the rights of the dominant estate owner to use and enjoy the easement (*Green v Mann*, 237 AD2d 566, 567-568; *see Tagle v Jakob*, 97 NY2d 165, 168; *Sutera*, 86 F3d at 302).

It is well settled that the owner of a servient estate may be required to remove obstructions to an easement (*see Pappenheim v Metropolitan El. Ry. Co.*, 128 NY 436, 444; *Green*, 237 AD2d at 568). Conversely, where, as here, the servient estate owner removes or destroys an improvement located within an easement, a court may require the servient estate owner to pay the cost of rebuilding the improvement and restoring the easement to its former condition (*see e.g. Levy v Morgan*, 31 AD3d 857, 858; *cf. Green*, 237 AD2d at 566). Consequently, the court should have awarded plaintiff compensatory damages consisting of the cost of replacing the spur track less what it would have cost plaintiff to restore the track to an operable condition had it not been removed inasmuch as plaintiff was obligated to maintain and repair the track (*see Sutera*, 86 F3d at 302).

Plaintiff's expert testified that it would cost the sum of $149,500 to replace the spur track, and defendant did not offer a competing estimate. The parties, however, offered differing evidence as to the cost of returning the spur track to an operable condition had it not been removed. We therefore modify the order by granting plaintiff's claim for compensatory damages, and we remit the matter to Supreme Court for the purpose of calculating those damages in accordance with the foregoing (*see Guiffrida v Storico Dev., LLC*, 60 AD3d 1286, 1288).

Turning to defendant's appeal, we note that defendant's contention that the court erred in granting plaintiff's motion to amend the complaint to assert a claim for punitive damages is not properly before us inasmuch as it is raised for the first time on

appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, it is well settled that permission to amend pleadings should be "freely given" and that the decision whether to grant leave to amend is committed to the sound discretion of the trial court (CPLR 3025 [b]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).  We discern no abuse of discretion in this case (*see LaPorta v Wilmorite, Inc.*, 298 AD2d 920, 921).

Defendant further contends that the court erred in concluding that plaintiff is entitled to punitive damages because plaintiff failed to present any evidence that defendant acted with malice in removing the spur track.  We reject that contention.  "In order to recover punitive damages for trespass on real property, plaintiff[] ha[s] the burden of proving that [defendant] acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiff['s] rights" (*Ligo v Gerould*, 244 AD2d 852, 853; *see West v Hogan*, 88 AD3d 1247, 1249-1250, *lv dismissed* 18 NY3d 915).  Contrary to the contention of defendant, we conclude that the evidence establishes that defendant acted with actual malice when it removed the spur track and that its conduct rose to the level of a "wanton, willful or reckless disregard of plaintiff['s] rights" relative to the easement (*Ligo*, 244 AD2d at 853).

Plaintiff's property manager testified that defendant's owner contacted him and asked if defendant could remove the spur track.  The property manager told defendant's owner that defendant could not remove the spur track under any circumstances.  Thereafter, plaintiff sent defendant a letter reiterating that it held a "permanent easement[]" in the spur track, that it had not "relinquished [its] rights" relative to the easement and that defendant did "not have the right to remove or obstruct" the easement.  Plaintiff enclosed with the letter drawings that were filed in the county clerk's office as part of a right-of-way agreement and that clearly depicted the easement.  Defendant's owner admitted that he received plaintiff's letter and that he knew of plaintiff's objections to the removal of the spur track.  Further, the initial contractor defendant contacted concerning removal of the spur track refused to perform the work because the track serviced plaintiff and other adjoining property owners, and that contractor warned defendant that it should not remove the track.  Defendant's owner then approached a friend about removing the spur track.  That individual was likewise concerned about the legality of removing the spur track and was initially unwilling to perform the work.  The friend ultimately agreed to remove the spur track, but only after defendant provided him with a hold harmless agreement.  We thus conclude that the evidence supports the court's determination that plaintiff is entitled to punitive damages in an amount to be determined after a hearing (*see Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1463, *appeal dismissed* 13 NY3d 904, *lv denied* 14 NY3d 705, *rearg denied* 15 NY3d 746).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court