# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**678**

**CA 15-00079**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

IRONWOOD, L.L.C., PLAINTIFF-RESPONDENT-APPELLANT,
ET AL., PLAINTIFF,

                          V                          MEMORANDUM AND ORDER

JGB PROPERTIES, LLC, DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 2.)

---

SCHLATHER, STUMBAR, PARKS & SALK, LLP, ITHACA (RAYMOND M. SCHLATHER OF
COUNSEL), AND CAMARDO LAW FIRM, P.C., AUBURN, FOR DEFENDANT-APPELLANT-
RESPONDENT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

-----------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court,
Onondaga County (Brian F. DeJoseph, J.), entered March 27, 2014.  The
judgment awarded plaintiff Ironwood, L.L.C., punitive damages in the
amount of $300,000, plus costs and disbursements.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Ironwood, L.L.C. (plaintiff) is the successor in
interest to an easement granting a "permanent right of way for a
railroad spur track" over property owned by defendant.  The spur track
connected plaintiff's property with the main railway line.  After
defendant removed the spur track over plaintiff's objections,
plaintiff commenced this action seeking, inter alia, a declaratory
judgment, injunctive relief, and damages based upon defendant's
alleged unlawful interference with the easement.

This matter has been before this Court several times already
(*Ironwood, L.L.C. v JGB Props., LLC* [appeal No. 2], 122 AD3d 1305, *lv
dismissed* 24 NY3d 1113; *Ironwood, L.L.C. v JGB Props., LLC*, 122 AD3d
1306; *Ironwood, L.L.C. v JGB Props., LLC*, 99 AD3d 1192).  Defendant
now appeals from a judgment, entered after a hearing, awarding
plaintiff punitive damages in the amount of $300,000, together with
costs and disbursements.  We affirm.

As a preliminary matter, we note that, "although plaintiff did
not cross-appeal from the judgment in appeal No. 2, we exercise our
discretion to treat [its] notice of [cross] appeal [in appeal No. 1]
as valid and deem [its cross] appeal as taken from the . . . judgment

in appeal No. 2" (*Nary v Jonientz*, 110 AD3d 1448, 1448 [internal quotation marks omitted]; *see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR 5520 [c]).

Defendant contends that Supreme Court erred in awarding more than nominal punitive damages. We reject that contention. We note that "[t]he Due Process Clause of the Fourteenth Amendment prohibits a State from imposing a grossly excessive punishment on a tortfeasor" (*BMW of N. Am., Inc. v Gore*, 517 US 559, 562 [internal quotation marks omitted]). The three factors to consider in evaluating whether an award is grossly excessive are "the degree of reprehensibility . . . ; the disparity between the harm or potential harm suffered . . . and [the] punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases" (*id*. at 575; *see Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1464, *appeal dismissed* 13 NY3d 904, *lv denied* 14 NY3d 705, *rearg denied* 15 NY3d 746). Defendant concedes that "[o]nly the first two . . . factors are relevant here." Upon our review of the punitive damages award, we conclude that it was neither excessive nor violative of defendant's due process rights. With respect to the first factor, we have already determined on a prior appeal that defendant's conduct was sufficiently reprehensible to entitle plaintiff to punitive damages inasmuch as "defendant acted with actual malice when it removed the spur track[,] and . . . its conduct rose to the level of a wanton, willful or reckless disregard of plaintiff['s] rights relative to the easement" (*Ironwood, L.L.C.*, 99 AD3d at 1195 [internal quotation marks omitted]), and that determination was binding on the court. Furthermore, our determination of defendant's reprehensibility constitutes the law of the case for this Court and it "cannot be disturbed on this appeal" (*Trisvan v County of Monroe*, 55 AD3d 1282, 1283, *lv denied* 11 NY3d 716 [internal quotation marks omitted]). With respect to the second factor, "we conclude that the award bears a reasonable relation to the harm done and the flagrancy of the conduct causing it" (*Western N.Y. Land Conservancy, Inc.*, 66 AD3d at 1464 [internal quotation marks omitted]; *see Fareway Hgts. v Hillock*, 300 AD2d 1023, 1025).

We reject defendant's further contention that the court could not use defendant's wealth to justify the punitive damages award inasmuch as the punitive damages award was not "otherwise unconstitutional" (*State Farm Mut. Auto. Ins. Co. v Campbell*, 538 US 408, 427). We also reject defendant's contention that the court erred in "excluding all evidence, except evidence of defendant['s] . . . net worth, from the hearing held on punitive damages." The court properly determined that the excluded evidence was relevant only to issues that were either abandoned by defendant or previously decided against defendant on prior appeals (*see Ironwood, L.L.C.* [appeal No. 2], 122 AD3d at 1305-1306; *Ironwood, L.L.C.*, 122 AD3d at 1306; *Ironwood, L.L.C.*, 99 AD3d at 1195-1196; *see also Lipp v Port Auth. of N.Y. & N.J.*, 57 AD3d 953, 954; *Trisvan*, 55 AD3d at 1283; *Matter of Hicks v Schoetz*, 261 AD2d 944, 945; *see generally Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945, 945-946).

Although we have taken judicial notice, when necessary, of the briefs and records previously filed with us on the appeals taken in this action (*see Edward J. Minskoff Equities, Inc. v Crystal Window & Door Sys., Ltd.*, 108 AD3d 488, 490), we decline to take judicial notice of defendant's petition seeking declaratory relief before the Surface Transportation Board.  We deem that petition to be dehors the record, and we have considered neither it nor references to it on this appeal (*see Sanders v Tim Hortons*, 57 AD3d 1419, 1420).  In any event, we previously determined that the Interstate Commerce Commission Termination Act of 1995 (49 USC § 10101, *et seq.*) does not expressly or impliedly preempt the instant action (*Ironwood, L.L.C.*, 122 AD3d at 1306).

We reject plaintiff's contentions on its cross appeal that the court erred in precluding it from offering evidence of defendant's alleged wrongdoing committed after the commencement of this action and in denying plaintiff's request to include legal expenses, such as attorney's fees, as part of the punitive damages award.  "Whether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of the original trier of the facts" (*Nardelli v Stamberg*, 44 NY2d 500, 503; *see Baity v General Elec. Co.*, 86 AD3d 948, 950).  Contrary to plaintiff's contentions, we conclude that the court did not abuse its discretion.

We have reviewed the parties' remaining contentions and conclude that they are without merit.

Entered:  July 10, 2015                        Frances E. Cafarell
                                               Clerk of the Court