Otero v Rochester Broadway Theatre League, Inc. (2025 NY Slip Op 00769)

Otero v Rochester Broadway Theatre League, Inc.

2025 NY Slip Op 00769

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

913 CA 24-00591

[*1]ANN OTERO, PLAINTIFF-APPELLANT,
v
ROCHESTER BROADWAY THEATRE LEAGUE, INC., DEFENDANT-RESPONDENT. 

BRENNA BOYCE PLLC, HONEOYE FALLS (DAVID C. SIELING OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered September 19, 2023. The order and judgment granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: In this personal injury action arising from a slip and fall on snow and ice in a parking lot at 875 East Main Street in the City of Rochester, plaintiff appeals from an order and judgment granting defendant's motion for summary judgment dismissing the complaint. We reverse.
In moving for summary judgment, defendant contended that it "had absolutely no involvement with" the parking lot where plaintiff was injured. In support of its motion, defendant submitted the affidavit of its chief operating officer, who averred that defendant did not own, use, occupy, control or maintain the parking lot. Defendant also submitted evidence establishing that the parking lot is owned by a nonparty that holds title to certain property directly adjacent to property owned by defendant. In opposition to the motion, plaintiff submitted a 2004 easement agreement between defendant and the nonparty owner of the adjacent property at that time, which was filed in the Monroe County Clerk's Office. The easement agreement granted defendant, which hosts public events in its theater, a "perpetual easement over and through the exterior parking area" owned by the nonparty owner of 875 East Main Street. Assuming, arguendo, that defendant met its initial burden on its motion, we conclude that the easement agreement was sufficient to raise a triable issue of fact with respect to defendant's assertion that it had "absolutely no involvement" with the parking lot. As we have recognized, "[a]n easement is more than a personal privilege to use another's land, it is an actual interest in that land" (Ironwood, L.L.C. v JGB Props., LLC, 99 AD3d 1192, 1194 [4th Dept 2012] [internal quotation marks omitted]).
In reply, defendant acknowledged the existence and validity of the easement agreement but submitted for the first time a 2004 "Parking Agreement" (parking agreement) between defendant and the nonparty owner of 875 East Main Street, pursuant to which the latter agreed to maintain the parking lot and keep it "reasonably clear of ice and snow." Relying on that parking agreement, defendant contended that it "should not be held liable for maintenance of an area that it did not own, occupy or control and was not otherwise contractually obligated to maintain." Supreme Court agreed with defendant and granted its motion. That was error for two reasons.
First, the court improperly granted the motion based on an argument advanced for the first time in reply. The function of reply papers is "to address arguments made in opposition to [*2]the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion" (Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1170 [4th Dept 2020] [internal quotation marks omitted]; see Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1040 [4th Dept 2021]; Sodhi v Dollar Tree Stores, Inc., 175 AD3d 914, 917 [4th Dept 2019]). Here, the parking agreement was not further proof in support of defendant's initial argument, i.e., that it had nothing do to with the subject premises. Instead, the parking agreement was proffered in support of defendant's new argument that, although it did have a nonexclusive possessory interest in the parking lot, it had no duty to clear snow and ice therefrom because the nonparty owner of 875 East Main Street had agreed to do so. Defendant's reliance on the parking agreement is a separate and distinct argument unrelated to defendant's initial argument that it did not own, occupy or use the parking lot.
In any event, even if the parking agreement had not been submitted for the first time in reply, the court erred in determining that defendant had no duty to maintain the parking lot and thus owed no duty of care to plaintiff. As the owner of the dominant estate granted by the easement agreement, defendant had a duty to maintain the parking lot in a reasonably safe condition (see Case v Hazelton Ct. Homeowners Assn., Inc., 132 AD3d 1369, 1369-1370 [4th Dept 2015]), and defendant cites no authority for the proposition that a party may delegate to another party the duty it owes to members of the public to keep its property—or property over which it has easement rights—in a reasonably safe condition.
Defendant relies on Lawrence Wolf, Inc. v Kissing Bridge Corp. (288 AD2d 935, 936 [4th Dept 2001]), where we held that, "[i]n the absence of an agreement otherwise, the owner of an easement has the duty to maintain it." According to defendant, the parking agreement constitutes an "agreement otherwise." The dispute in Lawrence Wolf, Inc., however, was between the property owner and the owners of the easement with respect to which party was responsible for maintaining the premises. Here, in contrast, the dispute is between the owner of the easement and a third party injured on the premises. In the easement context, Lawrence Wolf, Inc. does not hold that a servient owner may agree to relieve the dominant owner of the duty to maintain that it would otherwise owe to third parties.
We agree with the Second Circuit Court of Appeals that the duty of an easement holder "is the same as that owed by a landowner" and is nondelegable (Sutera v Go Jokir, Inc., 86 F3d 298, 308 [2d Cir 1996]; see Salisbury v Wal-Mart Stores, 255 AD2d 95, 97 [3d Dept 1999]). We therefore conclude that defendant's "duty to exercise reasonable care toward third parties making use of the parking lot subject to the easement, once established, is not abrogated by a covenant on the part of the servient owner[, i.e., the nonparty owner of 875 East Main Street,] to clear ice and snow from the lot. The general rule that a servient owner may assume duties of maintenance, while undoubtedly relevant as between dominant and servient owners, does not apply when the rights of injured third parties are implicated," as in the case here (Sutera, 86 F3d at 308-309). The fact that the nonparty owner of 875 East Main Street may also have had a duty to maintain the parking lot does not serve to insulate defendant from liability to plaintiff.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court